# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OLYMPIC WHOLESALE PRODUCE, INC. an Illinois corporation,<br><br>                         Plaintiff,<br>     v.<br><br>TRI COUNTY PRODUCE, INC., and<br>DAVID MARANO, ANGELO MARANO and<br>PATRICIA MARANO individually,<br>                         Defendants. | FILED: JULY 3, 2008<br>08CV3813<br>JUDGE GOTTSCHALL<br>Case No. MAGISTRATE JUDGE DENLOW<br>YM |

## COMPLAINT

For its Complaint, Olympic Wholesale Produce, Inc., states as follows:

## THE PARTIES

1. Plaintiff is Olympic Wholesale Produce, Inc. ("Plaintiff"), which maintains offices in Chicago, Illinois.

2. Plaintiff sells wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.

3. Defendants are:

    a) Tri County Produce, Inc. ("Company"), an Illinois corporation and an entity that purchased and/or sold Produce in wholesale or jobbing quantities;

    b) David Marano ("David"), in his individual capacity, and a person in a position to control the Company;

    c) Angelo Marano ("Angelo"), in his individual capacity, and a person in a position to control the Company; and,

    d) Patricia Marano ("Patricia"), in her individual capacity, and a person in a position to control the Company.

(David, Angelo and Patricia are collectively referred to as the "Principals") (The Company and Principals are collectively referred to as "Defendants").

## JURISDICTION AND VENUE

4. The District Court has jurisdiction over this civil action arising under the Perishable Agriculture Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(5), pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a).

5. Venue in this District is based on 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff sold to the Company and the Company purchased from Plaintiff, Produce having a current total aggregate value in the amount of $25,893.78[1] plus further interest and collection costs, including attorney's fees.

7. The Produce identified above was sold pursuant to the invoices issued by Plaintiff summarized in the chart attached as Exhibit 1.

8. The Company received from the Plaintiff the invoices referenced in paragraph 7.

9. The Plaintiff sent to the Company, and the Company received and accepted, the Produce identified in the invoices referenced in paragraph 7.

10. The Company failed to pay the Plaintiff for its Produce despite repeated written demands.

11. Plaintiff is an unpaid supplier or seller of Produce having sold Produce to the Company for which Plaintiff remains unpaid.

---

[1] All references to this amount include interest and estimated collection costs as itemized with current invoice balance in the chart attached in Exhibit 1.

12. Plaintiff operated its business under a valid PACA license issued by the United States Department of Agriculture ("USDA") and its invoices contained the required statutory language and were sent to the Company within the statutory time limits, sufficient to preserve Plaintiff's PACA trust rights.

13. Defendant operated its business under a valid PACA license issued by the USDA.

14. Pursuant to PACA, 7 U.S.C. § 499e(c), Plaintiff is a beneficiary of a statutory trust *res* designed as a fund from which it can be assured payment. The trust became effective at the time Defendants first began accepting shipments of Produce.

## COUNT I.

### ENFORCEMENT OF THE PACA TRUST
### 7 U.S.C. § 499e(c)(4)

### The Defendants

15. Plaintiff re-alleges paragraphs 1 through 14.

16. The Defendants are in possession, custody and control of PACA trust assets for the benefit of Plaintiff and other similarly situated PACA trust beneficiaries.

17. The Defendants failed to pay Plaintiff from the PACA trust assets for the shipments of Produce referenced in paragraph 7.

18. The Defendants failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims such as the Plaintiff's unpaid claims asserted in this action.

19. As a direct result of the Defendants' failure to properly protect the PACA trust assets from dissipation, Plaintiff suffered damages, which are covered under the PACA trust in the current amount of $25,893.78.

20.　　Plaintiff seeks the entry of an Order directing the Defendants to immediately turn over to Plaintiff, as beneficiary of this trust, an amount of the PACA trust *res* equal to the sum of $25,893.78, plus further interest and collection costs, including attorney's fees.

## COUNT II.

## BREACH OF CONTRACT

### The Company

21.　　Plaintiff re-alleges paragraphs 1 through 14.

22.　　Plaintiff and the Company entered into contracts under which Plaintiff agreed to sell the Produce and the Company agreed to purchase the Produce, referenced in paragraph 7 above.

23.　　The Company failed to pay for each shipment of Produce in the aggregate amount of $25,893.78.

24.　　Plaintiff seeks entry of an Order directing the Company to immediately pay the current sum of $25,893.78 to the Plaintiff, plus further interest and collection costs, including attorney's fees.

## COUNT III.

## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

### The Principals

25.　　Plaintiff realleges paragraphs 1 through 14.

26.　　At all times relevant to this action, the Principals were persons in a position to control substantially all aspects of the Company's business undertakings.

27.　　At all times relevant to this action, the Principals were persons engaged in the business of buying or selling Produce.

28. Principals controlled and managed the Company's business operations and had control over the Company's financial dealings, including those involving the PACA trust assets.

29. Principals had full knowledge and responsibility for the handling of the Company's PACA trust undertakings.

30. Principals were statutory trustees of the PACA trust and was required to maintain the trust assets in such a manner as to ensure there were, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations such as that owed to Plaintiff. As trustees of the PACA trust, Principals held fiduciary relationships with Plaintiff.

31. Because Plaintiff's invoices have not been paid from PACA trust assets as its bills fell due, Plaintiff has reason to believe Principals dissipated the PACA trust or transferred trust assets to entities having claims which are subordinate to the Plaintiff's claims to the detriment of the Plaintiff and all other equally situated and properly qualified PACA trust beneficiaries.

32. Principals continue to hold any and all PACA Trust assets having come into their individual possession as trustees for Plaintiff's beneficial interests in the PACA Trust.

33. Principals are personally liable to Plaintiff, which liability is joint and several with any third parties having received any PACA trust assets with actual or constructive notice of the breach of the PACA trust, for the dissipation of the PACA trust to the extent of $25,893.78, plus further interest and collection costs, including attorney's fees, to be satisfied from the personal assets of the Principals.

**FOR THESE REASONS,** Plaintiff seeks the entry of an Order providing as follows:

A) As to Count I, directing the Defendants to assign, transfer, deliver and turn over to Plaintiff, or a designated escrow agent, all of the above described PACA trust assets sufficient to allow liquidation of such assets to the extent necessary to

<table>
<tr><td></td><td>replenish the PACA trust to a sufficient level to satisfy any and all qualified PACA trust claims.</td></tr>
<tr><td>B)</td><td>As to Count I, entering a Final Judgment in favor of Plaintiff and against the Defendants, on a joint and several basis, in the current amount of $25,893.78, plus further interest and collection costs, including attorney's fees, less any actual recovery on other Counts herein;</td></tr>
<tr><td>C)</td><td>As to Count II, entering a Final Judgment in favor of Plaintiff and against the Company in the current amount of $25,893.78, plus further interest and collection costs, including attorney's fees, less any actual recovery on other Counts herein;</td></tr>
<tr><td>D)</td><td>As to Count III, entering a Final Judgment in favor of Plaintiff and against Principals, on a joint and several basis with the Company in Count I, finding that Principals' acts were a breach of their fiduciary duties to the PACA trust beneficiaries, resulting in a defalcation while acting in a fiduciary capacity, with damages to Plaintiff in the current amount of $25,893.78, plus further interest and collection costs, including attorney's fees, less any actual recovery on other Counts herein, and;</td></tr>
<tr><td>E)</td><td>Providing such other relief this Honorable Court deems necessary.</td></tr>
</table>

Respectfully Submitted,

OLYMPIC WHOLESALE PRODUCE, INC.

By: s/ Gretchen Wehrenberg Stewart
    One of Its Attorneys

David A. Adelman, Esq.
Gretchen Wehrenberg Stewart, Esq.
ADELMAN LAW OFFICES, P.C.
Attorney for Plaintiffs
1901 N. Roselle Road, Suite 800
Schaumburg, IL 60195
Tel: 847/301-4341
Fax: 847/301-4342
adelman@pacaenforcer.com
stewart@pacaenforcer.com

```
08CV3813
JUDGE GOTTSCHALL
MAGISTRATE JUDGE DENLOW
YM
```

**EXHIBIT 1**

## PACA TRUST CHART

| Claimant: | Olympic Wholesale Produce | | | | | | Debtor: | Tri County Produce | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Date: | 07/03/08 | | | | | | Terms: | Net 10 | | |

| Invoice Number | Date of Transaction | Payment Due | Notice Date | Invoice Amount | Current Balance | No. of Days Overdue | Trust Amount | Interest* on Trust Amt. | Total Trust Amt. |
|---|---|---|---|---|---|---|---|---|---|
| ONACCT | | | | $ - | $ (1.60) | 87 | $ (1.60) | $ - | $ (1.60) |
| 10926 | 03/28/08 | 04/07/08 | 03/28/08 | $ 1,003.70 | $ 1,003.70 | 47 | $ 1,003.70 | $ 23.26 | $ 1,026.96 |
| 11010 | 05/07/08 | 05/17/08 | 05/07/08 | $ 899.00 | $ 899.00 | 47 | $ 899.00 | $ 20.84 | $ 919.84 |
| 11069 | 05/07/08 | 05/17/08 | 05/07/08 | $ 656.20 | $ 656.20 | 46 | $ 656.20 | $ 14.89 | $ 671.09 |
| 11071 | 05/08/08 | 05/18/08 | 05/08/08 | $ 135.00 | $ 135.00 | 46 | $ 135.00 | $ 3.06 | $ 138.06 |
| 11261 | 05/08/08 | 05/18/08 | 05/08/08 | $ 954.50 | $ 954.50 | 42 | $ 954.50 | $ 19.77 | $ 974.27 |
| 11388 | 05/12/08 | 05/22/08 | 05/12/08 | $ 720.84 | $ 720.84 | 41 | $ 720.84 | $ 14.57 | $ 735.41 |
| 11407 | 05/13/08 | 05/23/08 | 05/13/08 | $ 506.98 | $ 156.98 | 40 | $ 156.98 | $ 3.10 | $ 160.08 |
| 11474 | 05/14/08 | 05/24/08 | 05/14/08 | $ 271.40 | $ 271.40 | 39 | $ 271.40 | $ 5.22 | $ 276.62 |
| 11764 | 05/15/08 | 05/25/08 | 05/15/08 | $ 775.60 | $ 775.60 | 34 | $ 775.60 | $ 13.00 | $ 788.60 |
| 11823 | 05/20/08 | 05/30/08 | 05/20/08 | $ 663.00 | $ 663.00 | 33 | $ 663.00 | $ 10.79 | $ 673.79 |
| 11904 | 05/21/08 | 05/31/08 | 05/21/08 | $ 819.20 | $ 819.20 | 32 | $ 819.20 | $ 12.93 | $ 832.13 |
| 12208 | 05/22/08 | 06/01/08 | 05/22/08 | $ 1,103.16 | $ 1,103.16 | 26 | $ 1,103.16 | $ 14.14 | $ 1,117.30 |
| 12289 | 05/28/08 | 06/07/08 | 05/28/08 | $ 843.32 | $ 843.32 | 25 | $ 843.32 | $ 10.40 | $ 853.72 |
| 12627 | 05/29/08 | 06/08/08 | 05/29/08 | $ 875.60 | $ 875.60 | 20 | $ 875.60 | $ 8.64 | $ 884.24 |
| 12702 | 06/03/08 | 06/13/08 | 06/03/08 | $ 271.80 | $ 271.80 | 19 | $ 271.80 | $ 2.55 | $ 274.35 |
| 12688 | 06/04/08 | 06/14/08 | 06/04/08 | $ 203.68 | $ 203.68 | 18 | $ 203.68 | $ 1.81 | $ 205.49 |
| 12769 | 06/05/08 | 06/15/08 | 06/05/08 | $ 775.68 | $ 775.68 | 18 | $ 775.68 | $ 6.89 | $ 782.57 |
| 12820 | 06/06/08 | 06/16/08 | 06/06/08 | $ 364.00 | $ 364.00 | 17 | $ 364.00 | $ 3.05 | $ 367.05 |
| 13042 | 06/10/08 | 06/20/08 | 06/10/08 | $ 1,257.70 | $ 1,257.70 | 13 | $ 1,257.70 | $ 8.06 | $ 1,265.76 |
| 13139 | 06/11/08 | 06/21/08 | 06/11/08 | $ 524.12 | $ 524.12 | 12 | $ 524.12 | $ 3.10 | $ 527.22 |
| 13125 | 06/12/08 | 06/22/08 | 06/12/08 | $ 7.00 | $ 7.00 | 11 | $ 7.00 | $ 0.04 | $ 7.04 |
| 13196 | 06/12/08 | 06/22/08 | 06/12/08 | $ 545.28 | $ 545.28 | 11 | $ 545.28 | $ 2.96 | $ 548.24 |
| 13516 | 06/17/08 | 06/27/08 | 06/17/08 | $ 902.07 | $ 902.07 | 6 | $ 902.07 | $ 2.67 | $ 904.74 |
| 13590 | 06/18/08 | 06/28/08 | 06/18/08 | $ 336.44 | $ 336.44 | 5 | $ 336.44 | $ 0.83 | $ 337.27 |
| 13676 | 06/19/08 | 06/29/08 | 06/19/08 | $ 73.44 | $ 73.44 | 4 | $ 73.44 | $ 0.14 | $ 73.58 |
| 13702 | 06/19/08 | 06/29/08 | 06/19/08 | $ 592.08 | $ 592.08 | 4 | $ 592.08 | $ 1.17 | $ 593.25 |
| 13951 | 06/24/08 | 07/04/08 | 06/24/08 | $ 862.72 | $ 862.72 | 0 | $ 862.72 | $ - | $ 862.72 |
| 14033 | 06/25/08 | 07/05/08 | 06/25/08 | $ 452.56 | $ 452.56 | 0 | $ 452.56 | $ - | $ 452.56 |
| 14102 | 06/26/08 | 07/06/08 | 06/26/08 | $ 641.44 | $ 641.44 | 0 | $ 641.44 | $ - | $ 641.44 |
| Collection costs** | | | | | | | $ 8,000.00 | | $ 8,000.00 |
| **Total** | | | | $ 18,037.51 | $ 17,685.91 | | $ 25,685.91 | $ 207.87 | $ 25,893.78 |

*18% annual interest calculated through date listed above
**Estimated collection costs, including attorneys' fees.