UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OLYMPIC WHOLESALE PRODUCE, INC. an Illinois corporation,<br>　　　　　　　　　　　Plaintiff,<br>v.<br>TRI-COUNTY PRODUCE, INC., and DAVID MARANO, ANGELO MARANO and PATRICIA MARANO individually,<br>　　　　　　　　　　　Defendants. | Case No. 08 –cv-3813<br><br>Judge Gottschall<br><br>Magistrate Judge Denlow |

## TEMPORARY RESTRAINING ORDER

Plaintiff's Motion for the issuance of an Emergency Temporary Restraining Order under Federal Rules of Civil Procedure 65(b) (the "Application") came before this Court and the undersigned on July 7, 2008. The Court considered the Motion, the Affidavits and all related moving papers. Plaintiff's Affidavits, and all other pleadings and documents filed by the Plaintiff in this matter, demonstrate that defendants Tri-County Produce, Inc., ("Company"), David Marano ("David"), Angelo Marano ("Angelo") and Patricia Marano ("Patricia"), each in their individual capacities (David, Angelo, and Patricia are collectively referred to as "Principals") (Company and Principals are collectively referred to as "Defendants") purchased perishable agricultural commodities ("Produce") in interstate commerce and, thereafter due to severe financial distress failed to pay Plaintiff in violation of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t ("PACA") and failed to pay Plaintiff other amounts pursuant to their contracts.

On the basis of the pleadings, Affidavit and other submissions the Plaintiff filed in this matter, it appears to this Court that the Plaintiff will suffer immediate and irreparable injury due to the Defendants' dissipation of Plaintiff's beneficial interests in the statutory trust created pursuant to 7 U.S.C. § 499e(c) and that such dissipation will continue in the absence of injunctive relief. The

Court is of the opinion that a Temporary Restraining Order should be issued, without notice thereof due to the threat of further dissipation that such notice might engender.

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. Defendants Tri-County Produce, Inc., David Marano, Angelo Marano and Patricia Marano their respective agents, officers, employees, assigns, and any of their banking institutions, including Amcore Bank, must not pay, withdraw, transfer, assign or sell any and all existing PACA trust assets or otherwise dispose of other corporate or personal assets to any creditors, persons or entities, until further order of this Court or until Defendants pay Plaintiff the sum of $25,893.78 by certified or cashier's check.

2. Pending further order of this Court or until such time as Defendants pay Plaintiff the sum of $25,893.78, no banking or financial institution, including Amcore Bank, or government agency holding funds for Defendants shall pay, transfer or permit assignment or withdrawal of any existing PACA trust assets held on behalf of Defendants. Also, pending further order of this Court or until such time as Defendants pay Plaintiff the sum of $25,893.78, no banking or financial institution, including Amcore Bank, or government agency holding funds for Defendants shall pay, transfer or permit assignment or withdrawal of the corporate or personal assets of Defendants without the express written approval of this Court having first been obtained.

3. Unless Defendants pay Plaintiff the sum of $25,893.78, Defendants must within three (3) days of the date of this Order, file with the Court and send a copy to Plaintiff's counsel, an accounting signed under penalty of perjury showing all accounts receivable, accounts payable, equipment, inventory, and shall supply to Plaintiff's counsel any and all documents in connections with their assets and liabilities regarding related companies, including but not limited to most recent

balance sheets, accounts receivable and payable reports, accounts paid records and income tax returns. Defendants are *specifically required* to include a list of all unpaid sellers of produce to Defendants and set forth the unpaid produce sellers' names, addresses, contact persons, telephone numbers, facsimile numbers and the balance owed.

4. Nothing in this order shall prohibit or interfere with the conveyance of Company's real estate and other assets integral to such transaction, pursuant to a sale, but this order shall enjoin Defendants, their attorneys, agents, financial institutions, title company, and escrow agents from disbursing amounts from the proceeds from such sale of real estate that would cause the proceeds to fall below $25,893.78, until Defendants pay Plaintiff $25,893.78 or until further order of court.

5. This Order will be binding upon the parties to this action, their officers, agents, servants, employees, banks or attorneys and all other persons or entities who receive actual notice of this Order by personal service or otherwise. In this regard, the Defendants shall serve a copy of this Order on all financial institutions, real estate buyers, title companies, and escrow agents, and any other persons or entities, with which any of the Defendants does any business, may do any business with or who may be holding any assets for or on behalf of Defendants.

5. Because Defendants already possess $25,893.78 of assets, the bond in this matter is hereby set at $0.00.

6. This Temporary Restraining Order was
   a. issued at 10:10 a.m./p.m. on _____, July 7, 2008, and
   b. expires at 10:10 a.m./p.m. on _____, July 21, _____, 2008.

7. A hearing for the Preliminary Injunction or alternatively, for extension of the Temporary Restraining Order, is hereby set for _____, _____, 2008 at

_____ a.m./p.m., in Courtroom 2325 of the U.S. Courthouse, 219 S. Dearborn, Chicago, Illinois.

8. Plaintiff, through its Counsel, shall serve a true and correct copy of this Order on Defendants or their respective counsel, if known.

**ENTERED:**

DATE: July, __7__, 2008

_____
U.S. DISTRICT COURT JUDGE