

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OLYMPIC WHOLESALE PRODUCE, INC. an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>TRI-COUNTY PRODUCE, INC., and DAVID MARANO, ANGELO MARANO and PATRICIA MARANO individually,<br><br>Defendants. | ) 08cv3813<br>) Case No. 08–cv-3813<br>)<br>) Judge Gottschall<br>)<br>) Magistrate Judge Denlow<br>)<br>) |

**PLAINTIFF'S MOTION FOR ISSUANCE OF A PRELIMINARY INJUNCTION AND TO CONSOLIDATE THE TRIAL ON THE MERITS WITH THE HEARING ON INJUNCTIVE RELIEF**

Olympic Wholesale Produce, Inc. ("Plaintiff"), hereby moves the Court for the issuance of a Preliminary Injunction ("Injunction") pursuant to Rule 65(a) of the Federal Rules of Civil Procedure (the "Federal Rules") enforcing the statutory trust created under section 5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c) ("PACA") against defendants Tri-County Produce, Inc., ("Company"), David Marano ("David"), Angelo Marano ("Angelo") and Patricia Marano ("Patricia"), each in their individual capacities (David, Angelo, and Patricia are collectively referred to as "Principals") (Company and Principals are collectively referred to as "Defendants"). In support of its Motion, Plaintiff states as follows:

1. Plaintiff bases its request upon the Affidavit of Nick Doumouras, President of Plaintiff, and Plaintiff's documents attached to its Memorandum of Law in Support of Requests for Injunctive Relief and Plaintiff's Motion for an Emergency Temporary Restraining Order (the "Motion for TRO").

2. For the same reasons stated in its Motion for TRO, the Plaintiff respectfully requests the Court to extend the terms and provisions of the proposed TRO in the form of a Preliminary

Injunction until such time as the Court is available to hear its cause on the merits. The proposed Preliminary Injunction should enjoin the Defendants, their agents, employees, successors, banking institutions, attorneys, and all other persons in active concert or participation with them from using, consuming or otherwise dissipating PACA trust assets and any proceeds from the sale of the Company and/or its assets, or making payment of any trust asset to any creditor, person, or entity until further order of the Court or until the Defendants pay the sum of $25,893.78, plus further interest and collection costs, including attorneys' fees, to Plaintiff.

3. The proposed Preliminary Injunction should also order the Defendants, their agents, employees, successors, banking institutions, attorneys, and all persons in active concert and anticipation with the Defendants to account to the Court and the Plaintiff's attorneys for all accounts payable, accounts receivable, proceeds from the sale of the Company and/or its assets, and all other assets held in the Defendants' names.

4. Absent the relief requested in its Application, Plaintiff will suffer immediate and irreparable injury, loss, and damage because the Defendants will continue dissipating Plaintiff's interests in the statutory trust until judgment can be granted on the merits.

5. To reduce any possible prejudice to the Defendants which could be occasioned by a delayed trial on the merits, the Plaintiff respectfully requests the Court to consolidate the hearing on its motion with a full trial on the merits.

6. Plaintiff has not made a prior application for such relief in this case.

Respectfully submitted,

OLYMPIC WHOLESALE PRODUCE, INC.

By: s/ Gretchen Wehrenberg Stewart
      One of Its Attorneys

David A. Adelman, Esq.
Gretchen Wehrenberg Stewart, Esq.
ADELMAN LAW OFFICES, P.C.
Attorneys for Plaintiff
1901 N. Roselle Road, Suite 800
Schaumburg, IL 60195
Tel: 847/301-4341
Fax: 847/301-4342
adelman@pacaenforcer.com
stewart@pacaenforcer.com