

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OLYMPIC WHOLESALE PRODUCE, INC. an Illinois corporation, | ) )  Case No. 08 –cv-3813 |
| Plaintiff, | ) 08cv3813 |
| v. | ) Judge Gottschall ) |
| TRI-COUNTY PRODUCE, INC., and DAVID MARANO, ANGELO MARANO and PATRICIA MARANO individually, | ) Magistrate Judge Denlow ) ) |
| Defendants. | ) |

FILED JUL X 7 2008 JUDGE JOAN B. GOTTSCHALL United States District Court

### PLAINTIFF'S MOTION FOR AN EMERGENCY TEMPORARY RESTRAINING ORDER

Olympic Wholesale Produce, Inc. ("Plaintiff") hereby moves the Court for entry of an emergency Temporary Restraining Order ("TRO") pursuant to Rule 65(b) of the Federal Rules of Civil Procedure (the "Federal Rules") enforcing the statutory trust created under section 5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c) ("PACA") against the defendants Tri-County Produce, Inc., ("Company"), David Marano ("David"), Angelo Marano ("Angelo") and Patricia Marano ("Patricia"), each in their individual capacities (David, Angelo, and Patricia are collectively referred to as "Principals") (Company and Principals are collectively referred to as "Defendants"). In support of its Motion, Plaintiff states as follows:

1. Plaintiff bases its request upon the Complaint, Memorandum of Law, Affidavit of Nick Doumouras, President of Plaintiff, and its attached exhibits, and the Attorney Certification of Gretchen Wehrenberg Stewart.

2. The proposed TRO seeks to enjoin Defendants, their agents, employees, successors, banking institutions, other financial institutions, attorneys, and all other persons in active concert or participation with them from using, consuming or otherwise dissipating assets impressed with an express statutory trust pursuant to PACA, or making payment of any PACA Trust Asset to any

creditor, person, or entity until further order of this Court or until Defendants pay Plaintiff with a certified or cashier's check the sum of $25,893.78, plus further interest and collection costs, including attorneys' fees.

3. The proposed TRO also orders the Defendants, their agents, employees, successors, banking institutions, other financial institutions, and all persons in active concert and participation with the Defendants to account to the Court and Plaintiff's attorney for all accounts payable, accounts receivable and all other assets held in the Defendants' names if, within three (3) business days after the entry of this Order, the Defendants have not paid Plaintiff with a certified check or cashier's check the sum of $25,893.78, plus further interest and collection costs, including attorneys' fees.

4. Absent the relief requested in this Application, on information and belief Plaintiff and other similarly situated PACA trust beneficiaries will suffer immediate and irreparable injury, loss, and damage because the Defendants will continue dissipating the statutory trust before judgment can be granted on the merits.

5. No prior application for such relief has been made in this matter.

6. Plaintiff has a substantial likelihood of success on the merits.

Respectfully submitted,

OLYMPIC WHOLESALE PRODUCE, INC.

By: s/ Gretchen Wehrenberg Stewart
One of Its Attorneys

David A. Adelman, Esq.
Gretchen Wehrenberg Stewart, Esq.
ADELMAN LAW OFFICES, P.C.
Attorneys for Plaintiff
1901 N. Roselle Road, Suite 800

2

Schaumburg, IL 60195
Tel: 847/301-4341
Fax: 847/301-4342
adelman@pacaenforcer.com
stewart@pacaenforcer.com