UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OLYMPIC WHOLESALE PRODUCE, INC. an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>TRI-COUNTY PRODUCE, INC., and DAVID MARANO, ANGELO MARANO and PATRICIA MARANO individually,<br><br>Defendants. | )<br>)  Case No. 08 –cv-3813<br>)  08CV 3813<br>)  Judge Gottschall<br>)<br>)  Magistrate Judge Denlow<br>)<br>) |

### ATTORNEY CERTIFICATE WHY NOTICE SHOULD NOT BE REQUIRED UNDER RULE 65(b)

The undersigned represents Olympic Wholesale Produce, Inc. ("Plaintiff"), in this action to enforce the trust provisions of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t ("PACA"), specifically, § 499e(c), against the defendants Tri-County Produce, Inc., ("Company"), David Marano ("David"), Angelo Marano ("Angelo") and Patricia Marano ("Patricia"), each in their individual capacities (David, Angelo, and Patricia are collectively referred to as "Principals") (Company and Principals are collectively referred to as "Defendants"). In connection with the Emergency Motion for Temporary Restraining Order, Counsel submits that notice should not be required in this instance because notice will afford the Defendants an opportunity to further dissipate trust assets which are required by statute to be held for the benefit of Plaintiff, a qualified beneficiary of the PACA trust in the Defendants' custody and control.

While the Defendants are under a statutory duty to pay promptly for all perishable agricultural commodities ("Produce") from the PACA statutory trust, the Defendants have failed to pay the funds owed to Plaintiff. As the Defendants are currently in control of the trust assets, Counsel's experience has proven any pre-injunction notice to the Defendants only affords the Defendants an opportunity to further dissipate the PACA trust and other assets by either "hiding" the

remaining assets or disbursing the last remaining liquid assets to non-trust creditors who may then claim "BFP" status. Once trust funds make their way into the hands of BFPs, it cuts off the trust rights of qualified trust beneficiaries such as these Plaintiffs and the funds are forever lost to the trust beneficiaries.

In enacting the PACA, Congress expressly recognized the impossibility of recovering trust assets once the trust has been dissipated. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. <u>Strube Celery & Vegetable Co., et al. v. Global Foods, LLC, et al.</u>, 2006 U.S. Dist. LEXIA 78330 (S.D. of Ind., 2006). See also, <u>Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.</u>, 222 F.3d 132 (3rd Cir. 2000). Entry of a Temporary Restraining Order without notice is the only practical way to guarantee the Defendants have the current ability to perform its statutory duty to preserve the PACA trust assets for the sole benefit of the trust beneficiaries such as Plaintiff. In addition, this relief is necessary to maintain the <u>status quo</u> and prevent <u>any</u> further dissipation of the PACA trust assets pending a further hearing, which can be set at the Court's earliest opportunity.

**I declare, under penalty of perjury, as set forth in 28 U.S.C. § 1746, and to the best of my knowledge, the foregoing to be true and correct.**

Dated: July 7, 2008

s/Gretchen Wehrenberg Stewart
Gretchen Wehrenberg Stewart