

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OLYMPIC WHOLESALE PRODUCE, INC. an Illinois corporation, | ) ) Case No. 08 –cv-3813 |
| Plaintiff, | ) 08cv 3813 |
| v. | ) Judge Gottschall ) |
| TRI-COUNTY PRODUCE, INC., and DAVID MARANO, ANGELO MARANO and PATRICIA MARANO individually, | ) Magistrate Judge Denlow ) ) |
| Defendants. | ) |

*FILED*
*JUL 7 2008*
*JUDGE JOAN B. GOTTSCHALL*
*United States District Court*

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF REQUESTS FOR INJUNCTIVE RELIEF

### I. INTRODUCTION

Olympic Wholesale Produce, Inc. ("Plaintiff") is currently filing an action to recover $25,893.78 for perishable agricultural commodities ("Produce") and sums in connection with the Produce transactions, sold to defendants Tri-County Produce, Inc., ("Company"), David Marano ("David"), Angelo Marano ("Angelo") and Patricia Marano ("Patricia"), each in their individual capacities (David, Angelo, and Patricia are collectively referred to as "Principals") (Company and Principals are collectively referred to as "Defendants"). Count I seeks enforcement of the trust imposed on the Defendants' assets under the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c) ("PACA"). Plaintiff alleges the Defendants have dissipated, and are continuing to dissipate, Plaintiff's interest in the express statutory trust imposed under the PACA. Additionally, in Count II, Plaintiff seeks damages for the Company's breach of contract for amounts due Plaintiff. In Count III, Plaintiff seeks recovery against the Principals for breach of their fiduciary duties as trustees of the PACA trust.

The Defendants' dissipation of Plaintiff's trust assets is wrongful and against Plaintiff's trust rights. PACA requires a produce debtor in the Defendants' position to maintain sufficient assets at

all times to satisfy the claims of the qualified PACA trust beneficiaries such as the Plaintiff here. Accordingly, Plaintiff's action seeks the entry of a Temporary Restraining Order ("TRO") to prevent the Defendants from further dissipating the PACA trust. For the same reasons stated in its TRO Application, the Plaintiff respectfully requests the Court to extend the terms and provisions of the proposed TRO in the form of a Preliminary Injunction until such time as the Court is available to hear its cause on the merits. If the Defendants are not restrained from dissipating the PACA trust, the assets will be lost to Plaintiff and Plaintiff will thereby suffer the exact irreparable harm that PACA as a remedial statute was designed and enacted to prevent.

## II. STATEMENT OF FACTS

Plaintiff is a seller of wholesale quantities of Produce. The Plaintiff sold Produce to the Company, the Company accepted shipments of Produce having a current value of $25,893.78 plus additional interest and collection costs, including attorneys' fees, and the Plaintiff properly preserved its PACA trust rights. Despite repeated demands, the Defendants have not paid Plaintiff the balance due on its PACA trust claims and the current sum of $25,893.78, plus additional interest remains due and owing. See Affidavit of Nick Doumouras, attached as Exhibit 1; see also, the Complaint filed in this case, Docket No. 1. The Company operated under a valid PACA license. See printout from United States Department of Agricultural Website, attached as Exhibit 2. The Defendants are unable to pay which appears to be caused by the Company's severe financial distress and the dissipated condition of the PACA trust res,. Exhibit 1, ¶¶12-16. The Defendants have or are intending to close down the business. Exhibit 1, ¶¶12-16.

Defendants' obvious failure to maintain the PACA trust assets so that they are freely available to pay trust beneficiaries will effectively prevent the Defendants from satisfying the balances owed to

the Plaintiff or any other equally-situated trust beneficiaries. Rather than allocating the PACA trust assets to their only rightful purpose, payment of claims of PACA trust beneficiaries such as the Plaintiff, Defendants have, by their own admission, diverted these trust assets to other uses in clear violation of their duties as statutory trustees under PACA.

### III. SUMMARY OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT

Congress enacted PACA in 1930 to provide a comprehensive scheme for the regulation of traders of fresh fruit and vegetables. "It provides a code of fair play ... an aid to agricultural traders in enforcing his contracts." 49 Fed. Reg. at 45737. PACA requires produce buyers to make "full payment promptly" for any produce they purchase. 7 U.S.C. § 499b(4). PACA protects suppliers of produce by giving rise to civil liabilities in favor of the unpaid seller against buyers who fail to make full payment promptly. 7 U.S.C. § 499e(a); In re Carpenito Bros., 46 Agric. Dec. 486 (1987), aff'd 851 F.2d 1500 (D.C. Cir. 1988). The Third Circuit provided a discussion of the history and purpose of the PACA in Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132 (3rd Cir. 2000). An unpaid seller loses the benefit of the trust unless it serves written notice of its intent to preserve trust benefits with the produce buyer within 30 days after payment becomes past due. 7 U.S.C. § 499e(c)(3) (as amended).

In 1984, Congress determined that the increase in nonpayment and delinquent payment by produce buyers threatened the financial stability of the produce industry. Congress recognized that under the prevailing law "sellers of fresh fruits and vegetables [were] unsecured creditors and receive[d] little protection in any suit for recovery of damages where a buyer ha[d] failed to make payment required by the contract." H. R. Rep. No. 543, 98th Cong. 1 St. Sess. (1983), reprinted in 1984 U.S. Code Cong. & Admin. News, 405, 407. In response, Congress amended the PACA in

3

1984 to provide further protection to sellers of produce and to establish an express, non-segregated "floating" statutory trust in which a produce buyer, as trustee, holds its produce-related assets in trust as a fiduciary until full payment is made to the unpaid seller/trust beneficiary. 7 U.S.C. § 499e(c); Tanimura, 222 F.3d at 136.

The PACA trust commences by operation of law upon delivery of the Produce and continues until full payment for the Produce has been made. 7 C.F.R. § 46.46(d)(1), 7 U.S.C. § 499e(c)(2); Tanimura, 222 F.3d at 136; In Re Atlantic Tropical Market Corp., 118 B.R. 139, 141 (Bankr. S.D. Fla. 1990). Once delivery of the Produce has occurred, failure of the buyer (as trustee) to maintain trust assets sufficient to make full payment promptly to the trust beneficiaries is unlawful. 7 U.S.C. § 499b(4). The trust provisions of the PACA are similar to, and based upon, the trust provisions of the Packers and Stockyards Act, 7 U.S.C. §§ 181-229 (1980) (the "PSA"). The trust provisions of both Acts are interpreted similarly, and the courts have looked to the PSA for guidance in interpreting the PACA. See In re Fresh Approach, Inc., 48 B.R. 926, 931 (Bankr. N.D. Tex. 1985).

The principal benefit of the trust for a Produce seller is that when a buyer fails to pay or becomes insolvent, the seller is placed first in line among creditors to receive the trust *res* which consists of all assets of the debtor unless and until the debtor proves a particular asset was acquired with something other than the proceeds of the debtor's dealings in Produce. Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701 (2d Cir. 2007); Frio Ice S.A. v. Sunfruit, Inc., 918 F.2d 154, 156 (11th Cir. 1990). The PACA trust *res* serves as a fund from which unpaid Produce sellers can be assured payment. By operation of trust law, while a buyer of Produce has legal title to the PACA trust res, equitable title remains with the Produce sellers.

4

The establishment of the trust is assumed upon the buyer's receipt of Produce and exists continuously throughout the life of the buyer's business until the sellers are paid in full. Any assets purchased while the trust is in existence will be assumed to be purchased with trust assets and will, therefore, become part of the trust fund assets available to satisfy the claims of the qualified unpaid sellers. Atlantic Tropical Market, supra, at 142. When trust assets are commingled with funds not subject to the trust, the trust is impressed upon the entire commingled fund for the benefit of the trust beneficiaries. In re Gotham Provision Co., 669 F.2d 1000 (5th Cir. 1982). PACA was designed to ensure that a produce buyer's secured lender and other third parties do not receive and retain proceeds from the sale of Produce when the debtor's Produce suppliers have not been paid. The United States Dept. of Agriculture recognized that Congress intended unpaid sellers to recover trust assets that are transferred to third parties including secured lenders. 49 Fed. Reg. 45736 (Nov. 20, 1984); see 44 U.S.C. § 1507.

The debtor has the burden to trace the assets in the trust fund and to prove the assets are not part of the PACA trust. Strube Celery & Vegetable Co. v. Zois, (In re Zois), 201 B.R. 501 (Bankr. D. Ill. 1996). The court in Sanzone-Palmisano Co. v. Seaman Enterprises, 986 F.2d 1010 (6th Cir. 1993) provides a more detailed discussion on the issue of tracing and the policy reasons for placing the burden on the debtor-purchaser. Id. at 1013. The Court recognized:

> that in most cases it will be virtually impossible for a PACA debtor to trace the origin of the disputed assets... [However, w]e believe that this is the outcome that Congress intended.

Id. at 1014 (emphasis added). After finding the supplier had established the validity of its PACA trust interest, the Sixth Circuit stated the burden on remand to the district court will be on the debtor to:

> prove which seized assets were not purchased with funds from the sale of produce.
> All of the seized assets that cannot be traced to a non-trust source are part of the trust
> res and are subject to [supplier's] trust claim.

Id. at 1014 (emphasis added).

The Produce buyer is required to maintain trust assets so that such assets are freely available to satisfy all outstanding obligations to sellers of produce. 7 C.F.R. § 46.46(e). *Any act or omission which is inconsistent with the buyer's responsibility to maintain trust assets, including any act which results in the diversion of trust assets or which prejudices the ability of unpaid sellers to recover money owed, is unlawful.* 7 U.S.C. § 499(b)(4) (emphasis added). The officers of a corporation responsible for its financial dealings are personally liable to PACA trust creditors for any dissipation of a Plaintiff's PACA trust assets by virtue of their directing the corporate trustee to breach its fiduciary duties. Coosemans, 485 F.3d 701; Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir. 1997) (agreeing with prior district court decisions, the 9th Cir. stated: "individual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under the Act.").

## IV. JURISDICTION

Injunctive relief is necessary and proper under the PACA to prevent the dissipation of a seller's interest in PACA trust assets, and the District Courts have jurisdiction to entertain injunctive actions by both private PACA trust creditors and the USDA. Tanimura, 222 F.3d at 138. Injunctive relief is necessary to preserve the status quo for the protection of the produce sellers. DeBruyn Produce Co. v. Olympia Produce Co., 734 F. Supp. 483 (D. Ga. 1989). Preventing dissipation of the trust is a key purpose of the PACA. Preventing transfer of trust assets often may be the only means by which a Federal Court can prevent dissipation of the trust. Injunctive relief is proper where

dissipation has occurred or is on-going. Tanimura, 222 F.3d at 140. Upon a showing the trust is being dissipated or threatened with dissipation, a District Court should require the maintenance of trust assets. Frio Ice, 918 F.2d at 159.

## V. **ARGUMENT**

Plaintiff's Motions for a Temporary Restraining Order and Issuance of a Preliminary Injunction should be granted with Orders providing as follows:

1. Restraining the Defendants from further violating the provisions of the PACA through dissipation;

2. Restraining the Defendants, Principals, agents, banking institutions, other financial institutions, or any entity acting on behalf of, or in concert with, the Defendants from using, consuming, transferring, alienating or otherwise impair the liquidity of the PACA trust assets and other business assets until further Order or until the Defendants pay Plaintiff the sum of $25,893.78 by certified or cashier's check , and;

3. If the Defendants fail to make payment in full to Plaintiff within three (3) business days of entry of the Temporary Restraining Order, the Defendants are ordered to tender a detailed accounting of all its accounts receivable, accounts payable, inventory, equipment and other assets by a date certain to the Court and to Plaintiff's counsel for a determination of the extent of the dissipation.

A significant body of caselaw supports Plaintiff's entitlement to an immediate injunction to restrain any further dissipation of trust assets when the produce supplier is not paid. Strube Celery & Vegetable Co., et al. v. Global Foods, LLC, et al., 2006 U.S. Dist. LEXIA 78330 (S.D. of Ind., 2006); Frio Ice,, 918 F. 2d at 159 ("[u]pon a showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales, identify its receivables, and inventory its assets."); Accord Dole Fresh Fruit Co. v. United Banana Co., 821 F.2d 106 (2d Cir. 1987); In re Richmond Produce Co., Inc., 112 B.R. 364, 367 (Bankr. N.D. Cal. 1990). Additionally, courts in this District previously granted temporary

restraining orders in other PACA cases. For example, PACA related temporary restraining orders have been granted in La Galera Produce, LLC v. Emilio's Produce, Inc., et al., Case No. 07-C-1194; La Merced Produce, LLC, v. Delray Farms, LLC, et al., Case No. 07-C-0392, La Galera Produce LLC v. Joliet Fruit Ranch, Inc., et al., Case No. 07-C-1062, and City Wide Produce Distributors, Inc. v. Sunshine Valley, Inc., et al., Case No. 07-C-3364. Copies of all these temporary restraining orders are attached hereto as Group Exhibit 3.

The Seventh Circuit has granted injunctive relief when the Plaintiff demonstrates (1) a reasonable likelihood it will prevail on the merits; (2) it will suffer irreparable harm if the relief is not granted; (3) the threatened injury outweighs the harm to Defendants if the injunction is not granted; and (4) the injunction is not against public interest. Strube, 2006 LEXIS 78330. Plaintiff will demonstrate the satisfaction of each condition for temporary and permanent injunctive relief.

## 1.    LIKELIHOOD OF SUCCESS ON THE MERITS

The Affidavit submitted from the Plaintiff as Exhibit 1 demonstrates the Plaintiff properly preserved its trust claim by affixing the required notice language on the face of its invoices. See 7 U.S.C. § 499e(c)(4). As a case based almost exclusively on written documents, which have been properly authenticated, and because the Defendants has no defenses to these claims under PACA, the Plaintiff will almost certainly prevail at any hearing on the merits of its claims.

## 2.    IRREPARABLE INJURY

In cases interpreting the rights of PACA creditors, courts in other jurisdictions have recognized that without injunctive relief, a plaintiff faced with a financially unstable or insolvent debtor will not receive either the trust assets or the proceeds of such assets. Because it is almost impossible to recover once trust assets have been dissipated, the dissipation is irreparable harm.

8

Strube, 2006 LEXIS 78330. See Gullo Produce, 751 F. Supp. at 67. Tanimura, 222 F.3d at 140; See

also Frio Ice, 918 F.2d at 159 ("[t]he legislative history [of the PACA] noted that once the trust is

dissipated it is almost impossible for the beneficiary to obtain recovery"). A moving party must

show either actual dissipation or the threat of dissipation of the PACA trust in order to obtain

injunctive relief and a segregation of the trust proceeds. Frio Ice, 918 F.2d at 159, n.8. In this

instance, the Defendants demonstrated that the trust was dissipated because Defendants did not have

sufficient funds to pay for the trust assets received by failing to pay the invoices as the invoices came

due and when Defendants admitted that they did not have money to pay Plaintiff. Defendants further

dissipated the trust when they closed their doors. By paying non-PACA creditors instead of PACA

trust beneficiaries like Plaintiff, Defendants showed that they do not acknowledge the absolute

priority of trust beneficiaries. This clearly establishes *both* actual dissipation and a clear threat of

further dissipation.

Injunctive relief will prevent the Defendants from further dissipation of the PACA trust,

prevent third party purchasers from terminating the Plaintiff's trust rights and require the Defendants

to return the trust to a fully funded level sufficient to satisfy the claims of qualified beneficial

interests in full. To date, the Defendants demonstrated trust dissipation by failing to pay Plaintiff and

handing the assets over to a non-PACA creditor where the assets are not freely available to pay

Produce suppliers as required by the PACA statute. If the Defendants regain possession of the trust

assets, the trust assets may be dissipated by Defendants once again handing the assets over to entities

other than the rightful owners of the PACA trust's beneficial interests and by failing to make the trust

assets readily available to make "full payment promptly" to Plaintiff as required. Because Congress

specifically recognized the virtual impossibility of recovering PACA trust assets once they have been

dissipated or transferred to third parties who may have "BFP" status, the loss to Plaintiff and other trust creditors is irreparable.

### 3.    BALANCING OF HARM

The Defendants simply cannot be harmed by the issuance of an injunction because the relief Plaintiff seeks merely to force the Defendants to comply with the law. It will also require the Defendants to satisfy their pre-existing obligations under PACA, that is, to preserve the PACA trust assets for the benefit of PACA beneficiaries and make "full payment promptly" on all Produce related invoices. On the other hand, the risk of harm to Plaintiff is great if the Defendants are allowed to further dissipate trust assets and disburse them to non-trust creditors. As stated above, previous experience has borne out the fact that once the PACA trust assets are dissipated, Plaintiff is extremely unlikely to recover any portion of its beneficial interest in the trust - a result clearly at odds with the express purpose of PACA, a remedial Federal statute. Thus, the issuance of a TRO will merely ensure the Defendants do not continue to violate the law.

### 4.    PUBLIC INTEREST

The strong preference for the plight of PACA trust creditors which Congress expressed in the 1984 trust amendments to the PACA clearly illuminates the public interest at stake in this case. In the text of the statute itself, Congress made this point very clear where it stated:

> *This subsection [the PACA trust provision] is intended to remedy such burden on commerce in perishable agricultural commodities and to protect the public interest.*

7 U.S.C. § 499e(c)(1) (emphasis added). These safeguards were established in order to assure payment to the producers of agricultural products. *"Congress intended PACA to protect small farmers and growers who were vulnerable to the practices of financially irresponsible buyers."* Pacific International Marketing, Inc. v. A&B Produce, Inc., 462 F.3d 279, 282 (3rd Cir. 2006) quoting

10

Idahoan Fresh v. Advantage Produce, Inc., 157 F.3d 197, 202 (3rd Cir. 1998) (emphasis added). There can scarcely be a more vital public concern than the economic security of this nation's food supply. This supply and distribution chain consists of the very same growers, producers and distributors which Congress sought to protect by enacting this legislation. To deny Plaintiff the requested relief would be to erode the protection Congress guaranteed to the growers and sellers of Produce in Plaintiff's position by passing the PACA and the regulations promulgated thereunder. Therefore, the requested injunction is clearly in the public interest.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court issue a Temporary Restraining Order and extend the terms and provisions of the proposed TRO in the form of a Preliminary Injunction pursuant to Rule 65 (b) and (d), and set this matter for a full hearing on Plaintiff's motion for a preliminary injunction.

Respectfully submitted,

OLYMPIC WHOLESALE PRODUCE, INC.

By: s/ Gretchen Wehrenberg Stewart
          One of Its Attorneys

David A. Adelman, Esq.
Gretchen Wehrenberg Stewart, Esq.
ADELMAN LAW OFFICES, P.C.
Attorneys for Plaintiff
1901 N. Roselle Road, Suite 800
Schaumburg, IL 60195
Tel: 847/301-4341
adelman@pacaenforcer.com
stewart@pacaenforcer.com

11

**EXHIBIT 1**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

OLYMPIC WHOLESALE PRODUCE, INC.　　　)
an Illinois corporation,　　　　　　　　　　)　　Case No. 08 –cv-3813
　　　　　　　　　　　　　　Plaintiff,　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　v.　　　　　　　　　　　　　)　　Judge Gottschall
　　　　　　　　　　　　　　　　　　　　)
TRI-COUNTY PRODUCE, INC., and　　　　　)　　Magistrate Judge Denlow
DAVID MARANO, ANGELO MARANO and　　)
PATRICIA MARANO individually,　　　　　　)
　　　　　　　　　　　　　　Defendants.　　)

## AFFIDAVIT OF PLAINTIFF IN SUPPORT OF
## MOTION FOR TEMPORARY RESTRAINING ORDER AND PACA TRUST CLAIM

I, Nick Doumouras, declare and state as follows:

1. I am President of Olympic Wholesale Produce, Inc. ("Plaintiff") and, in such position, I am authorized to make this Affidavit and am competent to testify at trial regarding the statements made in this Affidavit. I file this Affidavit in support of the Plaintiff's Application for a Temporary Restraining Order against Defendants Tri-County Produce, Inc., ("Company"), David Marano ("David"), Angelo Marano ("Angelo") and Patricia Marano ("Patricia"), each in their individual capacities (David, Angelo, and Patricia are collectively referred to as "Principals") (Company and Principals are collectively referred to as "Defendants").

2. Plaintiff seeks the entry of a Temporary Restraining Order against the Defendants to preserve its interest in the statutory trust created under the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. § 499a-499t, as amended, ("PACA"). All of the PACA trust assets are in the custody and control of the Defendants.

## ACCOUNT HISTORY:

3. The transactions between Plaintiff and Defendants were governed by the statutory payment terms of net ten (10) days from the date the Defendants accepted each shipment.

4. Plaintiff sold perishable agricultural commodities (hereinafter "Produce") Defendants as described in the chart included in attached <u>Group Exhibit 1-A</u>. In each instance, Defendants received and accepted the Produce and other items and no adjustments have been made on the invoice amount except as listed. This chart uses the following terms, which shall have the described meaning:

A. **"Invoice Number"** refers to the number under which the commodity was sold to Defendants.

B. **"Date of Transaction"** refers to the date which begins the payment term between Plaintiff and Defendants.

C. **"Payment Due Date"** refers to the date payment was due based upon the payment term between Plaintiff and Defendants.

D. **"Notice Date"** refers to the date Plaintiff served its invoice containing the required trust language upon Defendants in accordance with the PACA Amendments of 1995.

E. **"Invoice Amount"** refers to the amount originally owed on each invoice regardless of whether the particular invoice amount qualifies for trust protection.

F. **"Current Balance"** refers to the amount remaining due on each invoice after any payments or credits are applied regardless of whether the particular invoice amount qualifies for trust protection.

G. **"No. of Days Overdue"** refers to the number of days that have elapsed from the date the payment was due.

H. **"Trust Amount"** refers to the portion of the Current Balance that is the result of the sale of Produce covered by PACA.

I. **"Interest on Trust Amount"** refers to the amount of contractual interest which has accrued on the sale of Produce covered by PACA, from the date that payment was due.

J. **"Total Trust Amount"** refers to the sum of the balance due and accrued interest, if applicable, that is the result of the sale of Produce covered by PACA.

5. Included in <u>Group Exhibit 1-A</u> are true and accurate copies of all unpaid invoices containing the required trust language and all related supporting documentation.

6. Plaintiff gave Defendants credit for any and all payments against the full amount of this claim as stated in the charts attached in <u>Group Exhibit 1-A</u>, and the charts reflect the amount due and owing from Defendants as of the date of this Affidavit.

2

## PRESERVATION OF BENEFICIAL INTEREST IN TRUST:

7. Plaintiff operates its business under a valid PACA license from the United States Department of Agriculture, Agricultural Marketing Service, PACA Branch, Fruit & Vegetable Division.

8. The Produce the Plaintiff sold to Defendants consisted of fresh fruits or vegetables, each of which is the type of Produce commonly shipped in interstate commerce and, accordingly, subject to the provisions of the PACA.

9. Under my supervision Plaintiff issued written notices of its intent to preserve trust benefits to Defendants in accordance with the PACA Amendments of 1995 by including on each of Plaintiff's invoices the trust preservation language required under the statute as amended. All of the invoices supporting Plaintiff's claim in this action, which now serve as the required notice of intent to preserve trust benefits, are attached hereto as part of Group Exhibit 1-A.

10. On each of the dates listed in the chart under "Notice Date" Plaintiff served each of the unpaid invoices contained in Group Exhibit 1-A personally on the Company when the Company's employee or agent picked up each load of Produce from Plaintiff's premises.

11. Defendants have not paid the invoices in accordance with the applicable payment terms and, based upon Defendants' own admissions, they clearly do not have sufficient funds to fully satisfy Plaintiff's PACA trust claim in full, as required under the PACA.

## EVIDENCE OF TRUST DISSIPATION

12. Beginning with Defendants' inability to satisfy the Plaintiff's PACA trust claims, Plaintiff began investigating Defendants' financial position.

3

13. Plaintiff repeatedly demanded payment from Defendants. On or about July 2, 2008, I spoke to Defendant David Marano who informed me that the Company has paid non-produce creditors and is unable to pay for the Produce it purchased. Additionally, Mr. Marano further stated he is closing the company.

14. Clearly, in light of Defendants' failure and inability to pay, as well as by their own admission, it can be concluded that Defendants are in severe financial distress, have failed to maintain sufficient assets in the statutory trust to pay Plaintiff and the PACA trust funds have been used to attempt to satisfy creditors other than the PACA trust beneficiaries. Plaintiff's trust claim will be irreparably injured if Defendants are permitted to continue transferring the PACA trust assets to non-trust creditors who may then claim bona fide purchaser "BFP" status to cutoff Plaintiff's PACA trust rights or if the PACA trust assets are allowed to remain in the possession of creditors with interests subordinate to the PACA trust beneficiaries.

## CONCLUSION

15. The balance due for the Produce is $17,685.91, plus accrued interest of $207.83 and estimated fees of $8,000.00, makes a total PACA trust claim of $25,893.78.

16. Defendants, either voluntarily or involuntarily, have dissipated the PACA trust to the point where Defendants are wholly unable to satisfy the amounts owed to Plaintiff. Since the date payment was due under each invoice of this claim, Defendants have been unable and/or unwilling to comply with any reasonable attempt to settle the outstanding balance of the Plaintiff's PACA trust claims.

4

Jul 03 08 12:23p     ADELMAN LAW OFFICES, P.C.          (847) 301-4342          p.6

I declare the above statements to be true and correct under penalty of perjury that the foregoing is true and correct as set forth in 28 U.S.C. § 1746(2).

Executed on:  July 3, 2008.

Nick Doumanian

5

**GROUP EXHIBIT 1-A**

PACA TRUST CHART

Claimant: Olympic Wholesale Produce
Date: 07/03/08

Debtor: Tri County Produce
Terms: Net 10

| Invoice Number | Date of Transaction | Payment Due | Notice Date | Invoice Amount | Current Balance | No. of Days Overdue | Trust Amount | Interest* on Trust Amt. | Total Trust Amt. |
|---|---|---|---|---|---|---|---|---|---|
| ONACCT | 03/28/08 | 04/07/08 | 03/28/08 | $ - | $ (1.60) | 87 | $ (1.60) | $ - | $ (1.60) |
| 10926 | 05/07/08 | 05/17/08 | 05/07/08 | $ 1,003.70 | $ 1,003.70 | 47 | $ 1,003.70 | $ 23.26 | $ 1,026.96 |
| 11010 | 05/07/08 | 05/17/08 | 05/07/08 | $ 899.00 | $ 899.00 | 47 | $ 899.00 | $ 20.84 | $ 919.84 |
| 11069 | 05/08/08 | 05/18/08 | 05/08/08 | $ 656.20 | $ 656.20 | 46 | $ 656.20 | $ 14.89 | $ 671.09 |
| 11071 | 05/08/08 | 05/18/08 | 05/08/08 | $ 135.00 | $ 135.00 | 46 | $ 135.00 | $ 3.06 | $ 138.06 |
| 11261 | 05/12/08 | 05/22/08 | 05/12/08 | $ 954.50 | $ 954.50 | 42 | $ 954.50 | $ 19.77 | $ 974.27 |
| 11388 | 05/13/08 | 05/23/08 | 05/13/08 | $ 720.84 | $ 720.84 | 41 | $ 720.84 | $ 14.57 | $ 735.41 |
| 11407 | 05/14/08 | 05/24/08 | 05/14/08 | $ 506.98 | $ 156.98 | 40 | $ 156.98 | $ 3.10 | $ 160.08 |
| 11474 | 05/15/08 | 05/25/08 | 05/15/08 | $ 271.40 | $ 271.40 | 39 | $ 271.40 | $ 5.22 | $ 276.62 |
| 11764 | 05/20/08 | 05/30/08 | 05/20/08 | $ 775.60 | $ 775.60 | 34 | $ 775.60 | $ 13.00 | $ 788.60 |
| 11823 | 05/21/08 | 05/31/08 | 05/21/08 | $ 663.00 | $ 663.00 | 33 | $ 663.00 | $ 10.79 | $ 673.79 |
| 11904 | 05/22/08 | 06/01/08 | 05/22/08 | $ 819.20 | $ 819.20 | 32 | $ 819.20 | $ 12.93 | $ 832.13 |
| 12208 | 05/28/08 | 06/07/08 | 05/28/08 | $ 1,103.16 | $ 1,103.16 | 28 | $ 1,103.16 | $ 14.14 | $ 1,117.30 |
| 12289 | 05/29/08 | 06/08/08 | 05/29/08 | $ 843.32 | $ 843.32 | 25 | $ 843.32 | $ 10.40 | $ 853.72 |
| 12627 | 06/03/08 | 06/13/08 | 06/03/08 | $ 875.60 | $ 875.60 | 20 | $ 875.60 | $ 8.64 | $ 884.24 |
| 12702 | 06/04/08 | 06/14/08 | 06/04/08 | $ 271.80 | $ 271.80 | 19 | $ 271.80 | $ 2.55 | $ 274.35 |
| 12888 | 06/05/08 | 06/15/08 | 06/05/08 | $ 203.68 | $ 203.68 | 18 | $ 203.68 | $ 1.81 | $ 205.49 |
| 12769 | 06/05/08 | 06/15/08 | 06/05/08 | $ 775.68 | $ 775.68 | 18 | $ 775.68 | $ 6.89 | $ 782.57 |
| 12820 | 06/06/08 | 06/16/08 | 06/06/08 | $ 364.00 | $ 364.00 | 17 | $ 364.00 | $ 3.05 | $ 367.05 |
| 13042 | 06/10/08 | 06/20/08 | 06/10/08 | $ 1,257.70 | $ 1,257.70 | 13 | $ 1,257.70 | $ 8.06 | $ 1,265.76 |
| 13139 | 06/11/08 | 06/21/08 | 06/11/08 | $ 524.12 | $ 524.12 | 12 | $ 524.12 | $ 3.10 | $ 527.22 |
| 13125 | 06/12/08 | 06/22/08 | 06/12/08 | $ 7.00 | $ 7.00 | 11 | $ 7.00 | $ 0.04 | $ 7.04 |
| 13198 | 06/12/08 | 06/22/08 | 06/12/08 | $ 545.28 | $ 545.28 | 11 | $ 545.28 | $ 2.96 | $ 548.24 |
| 13516 | 06/17/08 | 06/27/08 | 06/17/08 | $ 902.07 | $ 902.07 | 6 | $ 902.07 | $ 2.67 | $ 904.74 |
| 13590 | 06/18/08 | 06/28/08 | 06/18/08 | $ 336.44 | $ 336.44 | 5 | $ 336.44 | $ 0.83 | $ 337.27 |
| 13676 | 06/19/08 | 06/29/08 | 06/19/08 | $ 73.44 | $ 73.44 | 4 | $ 73.44 | $ 0.14 | $ 73.58 |
| 13702 | 06/19/08 | 06/29/08 | 06/19/08 | $ 592.08 | $ 592.08 | 4 | $ 592.08 | $ 1.17 | $ 593.25 |
| 13951 | 06/24/08 | 07/04/08 | 06/24/08 | $ 862.72 | $ 862.72 | 0 | $ 862.72 | $ - | $ 862.72 |
| 14033 | 06/25/08 | 07/05/08 | 06/25/08 | $ 452.56 | $ 452.56 | 0 | $ 452.56 | $ - | $ 452.56 |
| 14102 | 06/26/08 | 07/06/08 | 06/26/08 | $ 641.44 | $ 641.44 | 0 | $ 641.44 | $ - | $ 641.44 |
| Collection costs** | | | | | | | $ 8,000.00 | | $ 8,000.00 |
| Total | | | | $ 18,037.51 | $ 17,685.91 | | $ 25,685.91 | $ 207.87 | $ 25,893.78 |

*18% annual interest calculated through date listed above
**Estimated collection costs, including attorneys' fees.

*DAVID.*

*FAX 847 - 301 - 4342*

# OLYMPIC WHOLESALE PRODUCE INC.

**2404 S. WOLCOTT ST.**
**UNIT 15**
**CHICAGO,IL.60608**
**P:312-421-2889**
**F:773-446-5148**
Wednesday, July 2, 2008

## NOTICE OF INTENT TO PRESERVE TRUST BENEFITS

**TO: TRI-COUNTY PRODUCE INC.**
    **408 BROOK ST.**
    **ELGIN,IL. 60120-3602**
    **P:847-742-6707**
    **F:847-742-9975**

*ALL CLAIMS MUST BE MADE UPON RECEIPT OF GOODS. A SERVICE CHARGE OF 1.5% PER MONTH WILL BE ADDED ON PAST DUE ACCOUNTS. ADDITIONALLY THE BUYER WILL BE HELD RESPONSIBLE FOR ATTORNEY AND COSTS IN CONNECTION WITH ANY DELIQEUNT ACCOUNT. "THE PERISHABLE AGRICULTURAL COMMODDITIES LISTED ON ALL THESE INVOICES ARE SOLD SUBJECT TO STATUTORY TRUST AUTHORIZED BY SECTION 5(C) OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT,1930 (7 U.S.C.499(C)). THE SELLER OF THESE COMMODITIES RETAINS A TRUST CLAIM OVER THESE COMMODITIES,AND ANY RECEIVABLES OR PROCEEDS FROM THE SALE OF THESE COMMODITIES, AND ANY RECEIVABLES OR PROCEEDS FROM THE SALE OF THESE COMMODITIES UNTIL FULL PAYMENT IS RECEIVED ".*

**PACA REGULATORY OFFICE**
**F&V PROGRAMS AMS,PACA BRANCH,USDA**
**819 TAYLOR ST. SUITE 8BO2**
**FORT WORTH,TEXAS 76102-9727**
**P: 817 978-0777**
**F: 817 978-0786**

                **THANK YOU**
                **NICK DOUMOURAS**
                **PRESIDENT/CEO**

## OLYMPIC WHOLESALE PRODUCE, INC.
2404 SOUTH WOLCOTT, UNIT 16  •  CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2889      FAX: (773) 446-5148
**TERMS: NET 7 DAYS**

Customer: _____  _____ 20 ____

| LOT | QTY. | DESCRIPTION | UNIT | TOTAL |
|---|---|---|---|---|
| 3511 | 10 | Watermelon | 351 | 238 - |
| 3511 | 2 | Jumbo | | |
| | 140# | Nepal | | |
| 3509 | 45 | Honeydew | | |
| 3515 | 10 | Melon 15 | | |

10926

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any claim or past due account.

"The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

CARTAGE COMPANY

DRIVER

WAREHOUSE MAN

---

## OLYMPIC WHOLESALE PRODUCE, INC.
2404 SOUTH WOLCOTT, UNIT 16  •  CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2889      FAX: (773) 446-5148
**TERMS: NET 7 DAYS**

Customer: _____  _____ 20 ____

| LOT | QTY. | DESCRIPTION | UNIT | TOTAL |
|---|---|---|---|---|
| 3511 | 10 | Watermelon | 351 | 238 - |
| 3511 | 2 | Jumbo | 70 | |
| | 140# | Nepal | | 53 20 |
| 3509 | 45 | Honeydew | 12 50 | 562 50 |
| 3515 | 10 | Melon 15 | 15 00 | 150 - |
| | | | TOTAL DUE | 1003 70 |

10926

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any claim or past due account.

"The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

CARTAGE COMPANY

DRIVER

WAREHOUSE MAN

**OLYMPIC WHOLESALE PRODUCE, INC.**
2404 SOUTH WOLCOTT, UNIT 15 • CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2889    FAX: (773) 446-5148
TERMS: NET 7 DAYS

Customer: _____

Address: _____

| LOT | QTY | DESCRIPTION | UNIT | TOTAL |
|-----|-----|-------------|------|-------|
| 32 | | Cauc / F G | | |
| | 20 Guava @ | | |
| | | Pineapple | | |
| | J dubes @ | | |
| | | mix | | |
| | | Tropic | | |
| | | 350 # | | |

11010

| PALLETS IN | PALLETS OUT |
|------------|-------------|

CARTAGE COMPANY
DRIVER
WAREHOUSE MAN

All claims must be made upon receipt of goods...

---

**OLYMPIC WHOLESALE PRODUCE, INC.**
2404 SOUTH WOLCOTT, UNIT 15 • CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2889    FAX: (773) 446-5148
TERMS: NET 7 DAYS

Customer: _____

Address: _____

| LOT | QTY | DESCRIPTION | UNIT | TOTAL |
|-----|-----|-------------|------|-------|
| 32 | | Cauc / F G | 15-52 | 496 |
| | 20 Guava @ | | 19.75 | 270 |
| | | Pineapple | | |
| | J dubes @ | 78 g | 133 — |
| | | mix | | |
| | | Tropic | | |
| | | 350 # | | |

11010

| PALLETS IN | PALLETS OUT | TOTAL DUE |
|------------|-------------|-----------|
| | | 898 |

CARTAGE COMPANY
DRIVER
WAREHOUSE MAN

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts...

**OLYMPIC WHOLESALE PRODUCE, INC.**
2404 SOUTH WOLCOTT, UNIT 16 • CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2889     FAX: (773) 446-5148
TERMS: NET 7 DAYS

Customer: _____ Inv 6 19

Address: _____

| LOT | QTY. | DESCRIPTION | UNIT | TOTAL |
|-----|------|-------------|------|-------|
| | 2 | dehon G | 334 | 53⁰⁰ |
| | | Wind | 140⁰ | |
| 334 | 10 | wind | 35⁴ | 238 |
| | | Savor | 610⁰ | |
| | | | | |
| 35 4/0 | | lmn (5/5³² | | 155 |
| 3520 | 15 | Crow @ 4/00 | 210 | |
| | | purple | | |

| 11069 | | | TOTAL DUE | 656 20 |

SALESMAN: _____

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be
added on past due accounts. In addition, the buyer will be held responsible for attorney's and
court costs in connection with any delinquent account.
The perishable agricultural commodities in this invoice are sold subject to the statutory
trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C.
499e(c)). The seller of these commodities retains a trust claim over these commodities, all
inventories of food or other products derived from these commodities, and any receivables or
proceeds from the sale of these commodities until full payment is received.

ORDER: _____

CARTAGE COMPANY: _____

WAREHOUSE MAN: _____

11069

**OLYMPIC WHOLESALE PRODUCE INC.**
2404 SOUTH WOLCOTT, UNIT 15  •  CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2889,    FAX: (773) 446-5148
**TERMS: NET 7 DAYS**

Customer: _____

Address: _____

| LOT | QTY | DESCRIPTION | UNIT | TOTAL |
|-----|-----|-------------|------|-------|
| 354 | 10 | 11x6 G | 134 | |

11071

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account. "The perishable agricultural commodities sold on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

CARTAGE COMPANY
DRIVER
WAREHOUSE MAN

---

**OLYMPIC WHOLESALE PRODUCE INC.**
2404 SOUTH WOLCOTT, UNIT 15  •  CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2889,    FAX: (773) 446-5148
**TERMS: NET 7 DAYS**

Customer: _____

Address: _____

| LOT | QTY | DESCRIPTION | UNIT | TOTAL DUE |
|-----|-----|-------------|------|-----------|
| 354 | 10 | 11x6 G | 134 | 135 |

11071

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account. "The perishable agricultural commodities sold on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

CARTAGE COMPANY
DRIVER
WAREHOUSE MAN                    OFFICE





**OLYMPIC WHOLESALE PRODUCE, INC.**
2404 SOUTH WOLCOTT, UNIT 15 • CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2899 / FAX: (773) 446-5148
TERMS: NET 7 DAYS

Customer: _____

Address: _____

11388

| LOT | QTY | DESCRIPTION | UNIT | TOTAL |
|-----|-----|-------------|------|-------|
| 3593 | 42 | Meyer | 6/53⁹ | 525 — |
| 3711 | 8 | Wermillion | 574# 195⁸⁴ | |
| | | Smooth | | |

| PALLETS # | PALLETS OUT | TOTAL DUE |
|-----------|-------------|-----------|
| | | 720.84 |

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

CARTAGE COMPANY

**OLYMPIC WHOLESALE PRODUCE, INC.**
2404 SOUTH WOLCOTT, UNIT #3 • CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2889    FAX: (773) 446-5148    TERMS: NET 7 DAYS

Customer _____ 5/14 20 2009

Address _____

| LOT | QTY | DESCRIPTION | UNIT | TOTAL |
|-----|-----|-------------|------|-------|
| 3550 | 32 | cnvs 15 | 20 | 480 - |
| 3314 | 1 | Cucumber | | |
|      |   | fg | | |
|      |   | 71 # | | |
|      |   | Dill | | |
| | | | **TOTAL DUE** | **506** |

11407

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account. The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

**OLYMPIC WHOLESALE PRODUCE, INC.**
2404 SOUTH WOLCOTT, UNIT 15 ● CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2889   FAX: (773) 446-5148
**TERMS: NET 7 DAYS**

Customer: _____
Address: _____

| LOT | QTY | DESCRIPTION | UNIT | TOTAL |
|---|---|---|---|---|
| 11474 | 10 | W. Akum 5 36d | 24 80 | |
| | | | | |

11474

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account.
"The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

CARTAGE COMPANY
DRIVER
WAREHOUSE MAN

TOTAL DUE  341.40

---

**OLYMPIC WHOLESALE PRODUCE, INC.**
2404 SOUTH WOLCOTT, UNIT 15 ● CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2889   FAX: (773) 446-5148
**TERMS: NET 7 DAYS**

Customer: _____
Address: _____

| LOT | QTY | DESCRIPTION | UNIT | TOTAL |
|---|---|---|---|---|
| 11474 | 10 | W. Akum 5 | | |

11474

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account.
"The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

CARTAGE COMPANY
DRIVER
WAREHOUSE MAN

**OLYMPIC WHOLESALE PRODUCE, INC.**
2404 SOUTH WOLCOTT, UNIT 16 • CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2689    FAX: (773) 446-5148
**TERMS: NET 7 DAYS**

Customer: _____

Address: _____

| LOT | QTY | DESCRIPTION | UNIT | TOTAL |
|---|---|---|---|---|
| 3b. | 24 | Oranges | | 336 |
| 31(2) | 10 | Greens | | 130 |
| 354 | 9 | nuggs @ 9.04 | | 234 |
| | | Melon @ 103# | | 60 |
| | 3 | Watermelon @ 304 | | 75 |

11764

| PALLETS IN | PALLETS OUT | TOTAL DUE |
|---|---|---|
| 210# | | 775 ea |

All claims must be made upon receipt of goods. A resale charge of 1.5% per month will be made on past due accounts. The buyer will be held responsible for attorney and court costs in connection with any claims or account. The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

OWNER _____    WAREHOUSE COMPANY

WAREHOUSE MAN _____    OFFICE

11764

---

**OLYMPIC WHOLESALE PRODUCE, INC.**
2404 SOUTH WOLCOTT, UNIT 16 • CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2689    FAX: (773) 446-5148
**TERMS: NET 7 DAYS**

Customer: _____

Address: _____

| LOT | QTY | DESCRIPTION | UNIT | TOTAL |
|---|---|---|---|---|
| 3b. | 24 | Oranges | | |
| 31(2) | 10 | Greens | | |
| 354 | 9 | nuggs @ | | |
| | | Melon @ 103# | | |
| | 3 | Watermelon @ | | |

11764

| PALLETS IN | PALLETS OUT | TOTAL DUE |
|---|---|---|
| 210# | | |

All claims must be made upon receipt of goods. A resale charge of 1.5% per month will be made on past due accounts. The buyer will be held responsible for attorney and court costs in connection with any claims or account. The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

OWNER _____    WAREHOUSE COMPANY

WAREHOUSE MAN _____    OFFICE

11764



## OLYMPIC WHOLESALE PRODUCE, INC.
2404 SOUTH WOLCOTT, UNIT 15  •  CHICAGO, IL 60608
WHOLESALE DEALING IN FRUITS & VEGETABLES
PHONE: (312) 421-2899     FAX: (773) 446-5148
TERMS: NET 7 DAYS

Customer: _____

Address: _____

| LOT | QTY. | DESCRIPTION | UNIT | TOTAL |
| --- | --- | --- | --- | --- |
| 3550 | 4 | pineapple | 13⁷ | 59 |
| 330.35 | | | | |
| 313 | 1/2 | | | 156 |
| 313 | 3 | | 70²⁰ | |
| 339.6 | | | | |

1904

11904

CARTAGE COMPANY
DRIVER
WAREHOUSE MAN

*(invoice duplicated below — rotated scanned copy 11905)*

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent accounts. The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

**OLYMPIC INTERNATIONAL DISTRIBUTORS, INC.**
2404 SOUTH WOLCOTT, UNIT 46, CHICAGO, IL 60608
WHOLESALE DEALERS FRUITS & VEGETABLES
PHONE (312) 421-2989 FAX (773) 446-5148
**TERMS: NET 7 DAYS**

Customer: _____
Address: _____

| LOT | QTY | DESCRIPTION | UNIT | TOTAL |
|-----|-----|-------------|------|-------|
| | | | | |

12208

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account. The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

CARTAGE COMPANY
DRIVER _____
WAREHOUSE MAN _____
DELIVERY

---

**OLYMPIC INTERNATIONAL DISTRIBUTORS, INC.**
2404 SOUTH WOLCOTT, UNIT 46, CHICAGO, IL 60608
WHOLESALE DEALERS FRUITS & VEGETABLES
PHONE (312) 421-2989 FAX (773) 446-5148
**TERMS: NET 7 DAYS**

Customer: _____
Address: _____

| LOT | QTY | DESCRIPTION | UNIT | TOTAL |
|-----|-----|-------------|------|-------|
| | 12 | | 40₵ | 340 |
| | | | 85₵ | |
| | | | | 36 |
| | | | | 70 |
| | | | | 480 |
| | | | | 210 |
| | | | TOTAL DUE | 1103 |

12208

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account. The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

CARTAGE COMPANY
DRIVER _____
WAREHOUSE MAN _____

## OLIMPIC WHOLESALE PRODUCE, INC.

2404 SOUTH WOLCOTT, UNIT 15 • CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2889, FAX: (773) 446-5148
**TERMS: NET 7 DAYS**

Customer _____

Address _____

| LOT | QTY | DESCRIPTION | UNIT | TOTAL |
|-----|-----|-------------|------|-------|
| 3557 | 12 | Cucumber | 30 | 31920 |
| | | mel | | |
| 3868 | 1 | Wm Ol 860 | 24 | |
| | | G.L. | | |
| 3557 | 35 | Wl 6 10 | | 350 |
| 3869 | 10 | Cang 18 | 150 | 150 |

12289

| PALLETS IN | PALLETS OUT | TOTAL DUE |
|------------|-------------|-----------|
| | | 843 |

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

CARRIAGE COMPANY

WAREHOUSE MAN

DRIVER

**OFFICE**

---

## OLIMPIC WHOLESALE PRODUCE, INC.

2404 SOUTH WOLCOTT, UNIT 15 • CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2889, FAX: (773) 446-5148
**TERMS: NET 7 DAYS**

Customer _____

Address _____

| LOT | QTY | DESCRIPTION | UNIT | TOTAL |
|-----|-----|-------------|------|-------|
| 3557 | 12 | Cucumber | 30 | 31920 |
| | | mel | | |
| 3868 | 1 | Wm Ol 860 | 24 | |
| | | G.L. | | |
| 3557 | 35 | Wl 6 10 | | 350 |
| 3869 | 10 | Cang 18 | 150 | 150 |

12289

| PALLETS IN | PALLETS OUT | TOTAL DUE |
|------------|-------------|-----------|
| | | 843 |

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

CARRIAGE COMPANY

WAREHOUSE MAN

DRIVER

**OFFICE**



## OLYMPIC WHOLESALE PRODUCE, INC.
2400 SOUTH WOLCOTT, UNIT 15, CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2689    FAX: (773) 446-6148
**TERMS: NET 7 DAYS**

Customer _____

Address _____

| LOT | QTY | DESCRIPTION | UNIT | TOTAL |
|-----|-----|-------------|------|-------|
| 3605 | S | Carden G | 39¢ | 127 |
| | | mix L | | |
| 367 | 1 | Watrmn CO 335¢ | 335¢ | 24 |
| | | 29¢ | | |
| 3605 | 3 | Peppers gr 24¢ | | 120 |
| | | 11 ¢ | | |
| 12702 | | | TOTAL DUE | 271 |

"At claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court cost in connection with any delinquent account.
The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

12702    CARTAGE COMPANY

DRIVER _____
WAREHOUSE MAN _____

OFFICE

---

## OLYMPIC WHOLESALE PRODUCE, INC.
2400 SOUTH WOLCOTT, UNIT 15, CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2689    FAX: (773) 446-6148
**TERMS: NET 7 DAYS**

Customer _____

Address _____

| LOT | QTY | DESCRIPTION | UNIT | TOTAL |
|-----|-----|-------------|------|-------|
| 3605 | S | Carden G 39¢ | 39¢ | 127 |
| | | mix L | | |
| 367 | 1 | Watrmn CO 335¢ | 335¢ | 24 |
| | | 29¢ | | |
| 3605 | 3 | Peppers gr 24¢ | | 120 |
| | | 11 ¢ | | |
| 12702 | | | TOTAL DUE | 271 |

"At claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court cost in connection with any delinquent account.
The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

12702    CARTAGE COMPANY

DRIVER _____
WAREHOUSE MAN _____

OFFICE

**OLYMPIC WHOLESALE PRODUCE, INC.**
2404 SOUTH WOLCOTT, UNIT 15 • CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2985 FAX: (773) 446-5148
TERMS: NET 7 DAYS

Customer:
Address:

| LOT | QTY | DESCRIPTION | UNIT | PALLETS IN | PALLETS OUT | SALESMAN |
|-----|-----|-------------|------|-----------|-------------|----------|

12688

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account. The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

CARTAGE COMPANY
DRIVER
WAREHOUSE MAN

---

**OLYMPIC WHOLESALE PRODUCE, INC.**
2404 SOUTH WOLCOTT, UNIT 15 • CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2985 FAX: (773) 446-5148
TERMS: NET 7 DAYS

Customer:
Address:

| LOT | QTY | DESCRIPTION | UNIT | PALLETS IN | PALLETS OUT | TOTAL |
|-----|-----|-------------|------|-----------|-------------|-------|

TOTAL DUE 203

12688

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account. The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

CARTAGE COMPANY
DRIVER
WAREHOUSE MAN

# OLYMPIC WHOLESALE PRODUCE, INC.
2404 SOUTH WOLCOTT, UNIT 15 • CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2898 FAX: (773) 446-5148
TERMS: NET 7 DAYS

Customer: _Jac Lady_

Address: 20 2nd

Salesman:

| LOT | QTY | DESCRIPTION | UNIT | TOTAL |
|-----|-----|-------------|------|-------|
| 357 | 3 | Watermelon | 357 | 1350 |
| 3607 | 16 | Apri. Gr. 13 | 8.50 | 210 |
| 357 | 15 | W. G. 9 | | 1425 |
| 3196 | 10 | Guro / | 14.00 | 140 |
| 3607 | 8 | purple 3 | 3.89 | 203.08 |
| 12769 | | mel. 5% # | | |

PALLETS IN / PALLETS OUT / TOTAL DUE

||||||
12769

CARTAGE COMPANY
DRIVER
WAREHOUSE MAN

---

# OLYMPIC WHOLESALE PRODUCE, INC.
2404 SOUTH WOLCOTT, UNIT 15 • CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2898 FAX: (773) 446-5148
TERMS: NET 7 DAYS

Customer: _Jac Lady_

Address: 20 2nd

Salesman:

| LOT | QTY | DESCRIPTION | UNIT | TOTAL |
|-----|-----|-------------|------|-------|
| 357 | 3 | Watermelon | 357 | 1350 |
| 3607 | 16 | Apri. Gr. 13 | 8.50 | 210 |
| 357 | 15 | W. G. 9 | | 1425 |
| 3196 | 10 | Guro / | | 140 |
| 3607 | 8 | purple 3 | 3.89 | 203.08 |
| 12769 | | mel. 5% # | | |

CARTAGE COMPANY
DRIVER
WAREHOUSE MAN

12769

**OLYMPIC WHOLESALE PRODUCE, INC.**
2404 SOUTH WOLCOTT, UNIT 15 • CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2099 • FAX: (773) 446-5148
TERMS: NET 7 DAYS

Customer

Address

| LOT | QTY | DESCRIPTION | PALLETS IN | PALLETS OUT | UNIT | TOTAL | SALESMAN |
|-----|-----|-------------|------------|-------------|------|-------|----------|
| 12820 | | | | | | | |

"All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account.
The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

CARTAGE COMPANY
DRIVER
WAREHOUSE MAN

12820

---

**OLYMPIC WHOLESALE PRODUCE, INC.**
2404 SOUTH WOLCOTT, UNIT 15 • CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2099 • FAX: (773) 446-5148
TERMS: NET 7 DAYS

Customer

Address

| LOT | QTY | DESCRIPTION | PALLETS IN | PALLETS OUT | UNIT | TOTAL | SALESMAN |
|-----|-----|-------------|------------|-------------|------|-------|----------|
| 12820 | | | | | | | |

"All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account.
The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

TOTAL DUE

CARTAGE COMPANY
DRIVER
WAREHOUSE MAN

12820

# OLYMPIC WHOLESALE PRODUCE, INC.
2404 SOUTH WOLCOTT, UNIT 15 • CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2889   FAX: (773) 446-5148
TERMS: NET 7 DAYS

Customer: _____  6/10  20 __
Address: _____   SALESMAN: _____

| LOT | QTY | DESCRIPTION | UNIT | TOTAL |
|-----|-----|-------------|------|-------|
| 3404 | 12 | cuban | 334 | 3192 |
|  |  | mel |  |  |
|  | 840# |  |  |  |
| 3404 | 6 | Wm CC 4cut |  |  |
| 384 | 1 | may CC | 334 |  |
| 3404 56 | avr CC |  |  |  |
|  |  | Km-01 | 784 |  |

13042

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account.
The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

CARTAGE COMPANY
DRIVER
WAREHOUSE MAN

SET
up

# OLYMPIC WHOLESALE PRODUCE, INC.
2404 SOUTH WOLCOTT, UNIT 15 • CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2889   FAX: (773) 446-5148
TERMS: NET 7 DAYS

Customer: _____  6/10  20 __
Address: _____   SALESMAN: _____

| LOT | QTY | DESCRIPTION | UNIT | TOTAL |
|-----|-----|-------------|------|-------|
| 3404 | 12 | cuban | 334 | 3192 |
|  |  | mel |  |  |
|  | 840# |  |  |  |
| 3404 | 6 | Wm CC 4cut |  |  |
| 384 | 1 | may CC | 334 | 147 |
| 3404 56 | avr CC | 19cc | 734 | 750 |
|  |  | Km-01 | 784 |  |

| | PALLETS IN | PALLETS OUT | TOTAL DUE |
|--|-----------|-------------|-----------|
| 13042 | | | 1252 |

70

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account.
The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

CARTAGE COMPANY
DRIVER
WAREHOUSE MAN

2404 SOUTH WOLCOTT, UNIT 16 ● CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE (312) 421-2869          FAX: (773) 446-5148
TERMS: NET 7 DAYS

| LOT | QTY | DESCRIPTION | UNIT | TOTAL | SALESMAN |
|-----|-----|-------------|------|-------|----------|

13139

"All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for any and all costs in connection with any delinquent account.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

CARTAGE COMPANY
DRIVER
WAREHOUSE MAN
OFFICE

PALLETS IN     PALLETS OUT
TOTAL DUE

2404 SOUTH WOLCOTT, UNIT 16 ● CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE (312) 421-2869          FAX: (773) 446-5148
TERMS: NET 7 DAYS

13139

"All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for any and all costs in connection with any delinquent account.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

CARTAGE COMPANY
DRIVER
WAREHOUSE MAN
OFFICE

## OLYMPIC WHOLESALE PRODUCE, INC.
2nd SOUTH WOLCOTT, UNIT 16 • CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2899          FAX: (773) 446-5148
TERMS: NET 7 DAYS

Customer: T. R. County

Address:

| LOT | QTY | PALLETS IN | PALLETS OUT | DESCRIPTION | UNIT PRICE | TOTAL |
|-----|-----|------------|-------------|-------------|------------|-------|
| 13125 | | | | Alqub | | |
| 3594 | | | | | | |

13125

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account. The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

---

## OLYMPIC WHOLESALE PRODUCE, INC.
2604 SOUTH WOLCOTT, UNIT 16 • CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2899          FAX: (773) 446-5148
TERMS: NET 7 DAYS

Customer: T. R. County

Address:

| LOT | QTY | PALLETS IN | PALLETS OUT | DESCRIPTION | UNIT PRICE | TOTAL DUE |
|-----|-----|------------|-------------|-------------|------------|-----------|
| 13125 | 1 | | | Alqub | 79 | 7 |
| 3594 | 1 | | | | | |

13125

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account. The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

OLYMPIC WHOLESALE PRODUCE, INC.
2404 SOUTH WOLCOTT, UNIT 15  •  CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2899    FAX: (773) 446-5148
TERMS: NET 7 DAYS

Customer: _____  Salesman: _____
Address: _____

| LOT | QTY | DESCRIPTION | UNIT | TOTAL |
|-----|-----|-------------|------|-------|
| 816 | 12 | Oleanor | 3 | 331 |
|  |  | mel |  | 310 |
| 816 | 4 | Winnel | 816 # |  |
|  |  |  | 272# | 334 |
| 345 | 10 | Oranges | 196 | 95 20 |
|  |  | Ecuepse |  | 140 |

TOTAL DUE: 545.20

13196

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account. The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

CARTAGE COMPANY
DRIVER
WAREHOUSE MAN
OFFICE

Jul 03 2008 9:21AM HP LASERJET FAX 17732627914 p.11

# OLYMPIC WHOLESALE PRODUCE, INC.

2404 SOUTH WOLCOTT, UNIT 15 ● CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2889 FAX: (773) 446-5148

6/17 20 08 **TERMS: NET 7 DAYS**

Customer Tu Costa

SALESMAN

Address

| LOT | QTY. | DESCRIPTION | UNIT | TOTAL |
|---|---|---|---|---|
| 3616 | 8 | Jenlow [redacted] | | |
| | | mel (5) | | |
| | | 544 # | | |
| 3628 | 3 | WARmel (3) | | |
| | | 201 # | | |
| 3629 | 25 | CArt (15) | | |
| | | Kanny | | |
| 3626 | 35 | 11 (5) | | |

13518

| PALLETS IN | PALLETS OUT |
|---|---|
| | |

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account.
"The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

13516

| CARTAGE COMPANY |
|---|
| DRIVER |
| WAREHOUSE MAN |

# OLYMPIC WHOLESALE PRODUCE, INC.

2404 SOUTH WOLCOTT, UNIT 15 ● CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2889 FAX: (773) 446-5148

6/17 20 08 **TERMS: NET 7 DAYS**

Customer Tu Costa

SALESMAN

Address

| LOT | QTY. | DESCRIPTION | UNIT | TOTAL |
|---|---|---|---|---|
| 3616 | 8 | Jenlow | 38/ | 206 72 |
| | | mel | | |
| | | 544 # | | 35 |
| 3628 | 3 | WARmel (3) | 35/ | 70 |
| | | 201 # | | |
| 3629 | 25 | CArt (15) | 11 00 | 275 |
| | | Kanny | | |
| 3626 | 35 | 11 (5) | 10 00 | 350 |
| | | | | 07 |

13516

| PALLETS IN | PALLETS OUT | TOTAL DUE | 902 |
|---|---|---|---|

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account.
"The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

13516

| CARTAGE COMPANY |
|---|
| DRIVER |
| WAREHOUSE MAN |

**OLYMPIC WHOLESALE PRODUCE, INC.**
2404 SOUTH WOLCOTT, UNIT 15 ● CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2688    FAX: (773) 446-5148
20 2-8    **TERMS: NET 7 DAYS**

Customer: _____

Address: _____

| LOT | QTY | DESCRIPTION | UNIT | TOTAL | SALESMAN |
|-----|-----|-------------|------|-------|----------|
| 3/16 | 6 | Columby 3 | 30 ¢ | 155 | 04 |
| | | Valer | 40 3 ¢ | | |
| 36 ul | 3 | Wm Clt | 20 ¢ | 40 | |
| 3625 | 10 | Carr @ | Ne | 110 | |
| | | Karey | | | |

**13590**

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account.
The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

CARTAGE COMPANY _____
DRIVER _____
WAREHOUSE MAN _____

---

**OLYMPIC WHOLESALE PRODUCE, INC.**
2404 SOUTH WOLCOTT, UNIT 15 ● CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2688    FAX: (773) 446-5148
20 2-8    **TERMS: NET 7 DAYS**

Customer: _____

Address: _____

| LOT | QTY | DESCRIPTION | UNIT | TOTAL | SALESMAN |
|-----|-----|-------------|------|-------|----------|
| 3/16 | 6 | Columby 3 | 30 ¢ | 155 | 04 |
| | | Valer | 40 3 ¢ | | |
| 36 ul | 3 | Wm Clt | 35 ¢ | 71. | |
| 3625 | 10 | Carr @ | Ne | 110 | |
| | | Karey | | | |
| | | | **TOTAL DUE** | 336 | 44 |

**13590**

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account.
The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

CARTAGE COMPANY _____
DRIVER _____
WAREHOUSE MAN _____

**OLYMPIC WHOLESALE PRODUCE, INC.**
2404 SOUTH WOLCOTT, UNIT 16  ●  CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2889    FAX: (773) 446-5148
TERMS: NET 7 DAYS

Customer: _____

Address: 3623

LOT 13676

| LOT | QTY | DESCRIPTION | PALLETS IN | PALLETS OUT | TOTAL DUE |
|-----|-----|-------------|------------|-------------|-----------|
| | | | | | |

20 Y #

13676

CARTAGE COMPANY
DRIVER
WAREHOUSE MAN

---

**OLYMPIC WHOLESALE PRODUCE, INC.**
2404 SOUTH WOLCOTT, UNIT 16  ●  CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2889    FAX: (773) 446-5148
TERMS: NET 7 DAYS

Customer: _____

Address: 3623

LOT 13676

| LOT | QTY | DESCRIPTION | PALLETS IN | PALLETS OUT | TOTAL DUE |
|-----|-----|-------------|------------|-------------|-----------|
| | | | | | 73 |

20 Y #          44

13676

CARTAGE COMPANY
DRIVER
WAREHOUSE MAN

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

# OLYMPIC WHOLESALE PRODUCE, INC.
### 2404 SOUTH WOLCOTT, UNIT 15 • CHICAGO, IL 60608
#### WHOLESALE DEALERS IN FRUITS & VEGETABLES
**PHONE: (312) 421-2999    FAX: (773) 446-5148    TERMS: NET 7 DAYS**

Customer: _____    Salesman: _____

Address: _____

**13702**

| LOT | QTY | DESCRIPTION | PALLETS IN | PALLETS OUT | UNIT | TOTAL |
|-----|-----|-------------|-----------|-------------|------|-------|

All claims must be made upon receipt of goods. A service charge of 1.5% per month or the maximum allowed by law will be charged on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any claim or past due account. The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

CARTAGE COMPANY: _____
DRIVER: _____
WAREHOUSE MAN: _____

---

# OLYMPIC WHOLESALE PRODUCE, INC.
### 2404 SOUTH WOLCOTT, UNIT 15 • CHICAGO, IL 60608
#### WHOLESALE DEALERS IN FRUITS & VEGETABLES
**PHONE: (312) 421-2999    FAX: (773) 446-5148    TERMS: NET 7 DAYS**

Customer: _____    Salesman: _____

Address: _____

**13702**

| LOT | QTY | DESCRIPTION | PALLETS IN | PALLETS OUT | UNIT | TOTAL |
|-----|-----|-------------|-----------|-------------|------|-------|

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be charged on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any claim or past due account. The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

CARTAGE COMPANY: _____
DRIVER: _____
WAREHOUSE MAN: _____



**OLYMPIC WHOLESALE PRODUCE, INC.**
2404 SOUTH WOLCOTT, UNIT 16 • CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE (312) 421-2889      FAX: (773) 446-5148
**TERMS: NET 7 DAYS**

Customer: The Cos

| LOT | QTY. | DESCRIPTION | UNIT | TOTAL | SALESMAN |
|-----|------|-------------|------|-------|----------|
| 3645 | 10 | Jackson 3 | 40¢ | 230 | |
| 3631 | 6 | Watermel 3ed | | | |
| 3636 | 16 | Orange | 402# | 144 30 | 208 |
| 3645 | 20 | 1lb Grape 6 | 19¢¢ | 14¢ | 230 |
| | | 8¢ | | | |

13951

| PALLETS IN | PALLETS OUT | TOTAL DUE | 862 74 |
|------------|-------------|-----------|--------|

DRIVER
WAREHOUSE MAN
CARTAGE COMPANY

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

**OLYMPIC WHOLESALE PRODUCE, INC.**
2494 SOUTH WOLCOTT, UNIT 16 • CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2599    FAX: (773) 446-5148
**TERMS: NET 7 DAYS**

Customer:

| LOT | QTY | DESCRIPTION | UNIT | TOTAL |
|-----|-----|-------------|------|-------|
| 3640 | 6 | Cela | 40 | 143 60 |
|  |  | mixd | 354 |  |
| 3651 | 20 | Corn @ 12 | | 260 — |
|  |  | Ecups |  |  |
| 3635 | 2 | Wtrmel 36 | | 48 — |
|  |  | 136 # |  |  |

14033

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

CARTAGE COMPANY
DRIVER
WAREHOUSE MAN
DELIVERY

---

**OLYMPIC WHOLESALE PRODUCE, INC.**
2494 SOUTH WOLCOTT, UNIT 16 • CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2599    FAX: (773) 446-5148
**TERMS: NET 7 DAYS**

Customer:

| LOT | QTY | DESCRIPTION | UNIT | TOTAL DUE |
|-----|-----|-------------|------|-----------|
| 3640 | 6 | Cela | 40 | 143 60 |
|  |  | mixd | 354 |  |
| 3651 | 20 | Corn @ 12 | | 260 — |
|  |  | Ecups |  |  |
| 3635 | 2 | Wtrmel 36 | | 48 — |
|  |  | 136 # |  |  |
|  |  |  |  | 452 |

14033

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

CARTAGE COMPANY
DRIVER
WAREHOUSE MAN

**OLYMPIC WHOLESALE PRODUCE, INC.**
2404 SOUTH WOLCOTT, UNIT 15  •  CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2889    FAX: (773) 446-5148
TERMS: NET 7 DAYS

14102

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

**OLYMPIC WHOLESALE PRODUCE, INC.**
2404 SOUTH WOLCOTT, UNIT 15  •  CHICAGO, IL 60608
WHOLESALE DEALERS IN FRUITS & VEGETABLES
PHONE: (312) 421-2889    FAX: (773) 446-5148
TERMS: NET 7 DAYS

14102

All claims must be made upon receipt of goods. A service charge of 1.5% per month will be added on past due accounts. Additionally, the buyer will be held responsible for attorney and court costs in connection with any delinquent account.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

**EXHIBIT 2**

## Fruit and Vegetable Programs

# Search PACA

*Search Again* ☞    *Go Back to the previous page* ◀

| License No. | Date Issued | Anniversary Date | Status |
|---|---|---|---|
| 19960997 | 3/8/1996 | 3/8/2009 | Active |
| **Business Name** | | **City** | **State** |
| TRI COUNTY PRODUCE INC | | ELGIN | IL |

**Reported Principal (Last Name, First Name)**

MARANO, ANGELO
MARANO, DAVID
MARANO, PATRICIA

**Trade Names**
None

**Branch Name , Branch City , Branch State** None

**Return to:** Perishable Agricultural Commodities Act (PACA)

**GROUP EXHIBIT 3**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

LA GALERA PRODUCE, LLC,   )
     Plaintiff,    )
          ) Case No.  07 CV 1194
  v.       )
          ) Judge Holderman
EMILIO'S PRODUCE, INC., an   )
Illinois corporation, and LUIS CARLOS SOTO ) Magistrate Judge Cole
and SELINA SOTO in their individual capacities, )
     Defendants.   )

## TEMPORARY RESTRAINING ORDER

  Plaintiff's Application for the issuance of a Temporary Restraining Order under Federal
Rules of Civil Procedure 65(b) (the "Application") came before this Court and the undersigned
on the date set forth below.  The Court considered the Application, the Affidavits and all related
moving papers. Plaintiff's Affidavits, and all other pleadings and documents filed by the Plaintiff
in this matter, demonstrate that defendants Emilio's Produce, Inc., an Illinois corporation, and
Luis Carlos Soto and Selina Soto, each in their individual capacities ("Defendants") purchased
perishable agricultural commodities ("Produce") in interstate commerce and, thereafter, failed to
pay Plaintiff in violation of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§
499a-499t, as amended (2002) (the "PACA") and failed to pay Plaintiff other amounts pursuant
to their contracts.

  On the basis of the pleadings, Affidavits and other submissions the Plaintiff filed in this
matter, it appears to this Court that the Plaintiff will suffer immediate and irreparable injury due
to the Defendants' dissipation of Plaintiff's beneficial interests in the statutory trust created
pursuant to 7 U.S.C. § 499e(c) and that such dissipation will continue in the absence of
injunctive relief.  The Court is of the opinion that a Temporary Restraining Order should be

issued, without notice thereof due to the threat of further dissipation that such notice might engender.

Based on the foregoing, **IT IS HEREBY ORDERED:**

1.  Defendants Emilio's Produce, Inc., and Luis Carlos Soto and Selina Soto, and their respective agents, officers, employees, assigns, and any of their banking institutions must not pay, withdraw, transfer, assign or sell any and all existing PACA trust assets or otherwise dispose of other corporate or personal assets to any creditors, persons or entities, until further order of this Court or until Defendants pay Plaintiff the sum of $12,076.90.

2.  Pending further order of this Court or until such time as Defendants pay Plaintiff the sum of $12,076.90, no banking or financial institution or government agency holding funds for Defendants shall pay, transfer or permit assignment or withdrawal of any existing PACA trust assets held on behalf of Defendants. Also, pending further order of this Court or until such time as Defendants pay Plaintiff the sum of $12,076.90, no banking or financial institution or government agency holding funds for Defendants shall pay, transfer or permit assignment or withdrawal of the corporate or personal assets of Defendants without the express written approval of this Court having first been obtained.

3.  If Defendants fail to pay the Plaintiff in full within three (3) business days of the entry of this Order, the Defendants must account to the Court and the Plaintiff's counsel for all accounts receivable, accounts payable, equipment, inventory and all other assets subject to the PACA trust and the regulations promulgated thereunder.

4.  Nothing in this order shall prohibit or interfere with a conveyance of Company's real estate and other assets integral to such transaction, pursuant to a sale, but this order shall enjoin

Defendants, their attorneys, agents, financial institutions, title company, and escrow agents from disbursing amounts from the proceeds from such sale, until Defendants pay Plaintiff $12,076.90 or until further order of court.

5.    This Order will be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order by personal service or otherwise.  In this regard, the Defendants shall serve a copy of this Order on all financial institutions, buyers of real estate or other Company assets, title companies, and escrow agents, and any other persons or entities with which any of the Defendants does any business, may do any business with or who may be holding any assets for or on behalf of Defendants.

6.    Because Defendants already possess $12,076.90 of assets, the bond in this matter is hereby set at $0.00.

7.    This Temporary Restraining Order was issued:

        on the date of:   March 13, 2007,

        at the time and hour of:   10:15 a.m

and expires:

        on the date of:   March 29, 2007,

        at the time and hour of: 5:00 p.m.

8.    A hearing for the Preliminary Injunction or alternatively, for extension of the Temporary Restraining Order, is hereby set for March 29, 2007 at 9:30 a.m.,  in Courtroom 2541 of the U.S. Courthouse, 219 S. Dearborn, Chicago, Illinois.

3

9.   Plaintiff, through its Counsel, shall serve a true and correct copy of this Order on Defendants or their respective counsel, if known.


**ENTERED:**


**DATE: March 15, 2007**

U.S. DISTRICT COURT JUDGE
JAMES F. HOLDERMAN

4

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

LA MERCED PRODUCE, LLC,                          )
                                                 )    Case No. 1:07-cv-0392
                                    Plaintiff,   )
                                                 )    Judge Shadur
               v.                                )
                                                 )    Magistrate Judge Denlow
DELRAY FARMS, LLC,  and CONSTANTINE S. MIHAS,    )
TIM GRABAR, and STEFAN KALUZNY, in their individual )
capacities,                                      )
                                  Defendants.    )
                                                 )

### TEMPORARY RESTRAINING ORDER

Plaintiff's Application for the issuance of a Temporary Restraining Order under Federal Rules

of Civil Procedure 65(b) (the "Application") came before this Court and the undersigned on the date

set forth below. The Court considered the Application, the Affidavits and all related moving papers.

Plaintiff's Affidavits, and all other pleadings and documents filed by the Plaintiff in this matter,

demonstrate that defendants Delray Farms, LLC, and Constantine S. Mihas, Tim Grabar, and Stefan

Kaluzny, in their individual capacities ("Defendants") purchased perishable agricultural commodities

("Produce") in interstate commerce and, thereafter, failed to pay Plaintiff in violation of the

Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t, as amended (2002) (the

"PACA") and failed to pay Plaintiff other amounts pursuant to their contracts.

On the basis of the pleadings, Affidavit and other submissions the Plaintiff filed in this

matter, it appears to this Court that the Plaintiff will suffer immediate and irreparable injury due to

the Defendants' dissipation of Plaintiff's beneficial interests in the statutory trust created pursuant to

7 U.S.C. § 499e(c) and that such dissipation will continue in the absence of injunctive relief.  The

Court is of the opinion that a Temporary Restraining Order should be issued, without notice thereof

due to the threat of further dissipation that such notice might engender.

Based on the foregoing, IT IS HEREBY ORDERED:

1.   Defendants Delray Farms, LLC, and Constantine S. Mihas, Tim Graber, and Stefan Kaluzny, and their respective agents, officers, employees, assigns, and any of their banking institutions must not pay, withdraw, transfer, assign or sell any and all existing PACA trust assets or otherwise dispose of other corporate or personal assets to any creditors, persons or entities, until further order of this Court or until Defendants pay Plaintiff the sum of $100,396.17.

2.   Pending further order of this Court or until such time as Defendants pay Plaintiff the sum of $100,396.17, no banking or financial institution or government agency holding funds for Defendants shall pay, transfer or permit assignment or withdrawal of any existing PACA trust assets held on behalf of Defendants. Also, pending further order of this Court or until such time as Defendants pay Plaintiff the sum of $100,396.17, no banking or financial institution or government agency holding funds for Defendants shall pay, transfer or permit assignment or withdrawal of the corporate or personal assets of Defendants without the express written approval of this Court having first been obtained.

3.   If Defendants fail to pay the Plaintiff in full within three (3) business days of the entry of this Order, the Defendants must account to the Court and the Plaintiff's counsel for all accounts receivable, accounts payable, equipment, inventory and all other assets subject to the PACA trust and the regulations promulgated thereunder.

4.   Nothing in this order shall prohibit or interfere with the conveyance of Company's real estate and other assets integral to such transaction, pursuant to a sale, but this order shall enjoin Defendants, their attorneys, agents, financial institutions, title company, and escrow agents from

2

disbursing amounts from the proceeds from such sale of real estate that would cause the proceeds to fall below $100,396.17, until Defendants pay Plaintiff $100,396.17 or until further order of court.

5.   This Order will be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order by personal service or otherwise.  In this regard, the Defendants shall serve a copy of this Order on all financial institutions, real estate buyers, title companies, and escrow agents, and any other persons or entities with which any of the Defendants does any business, may do any business with or who may be holding any assets for or on behalf of Defendants.

5.   Because Defendants already possess $100,396.17 of assets, the bond in this matter is hereby set at $0.00.

6.   This Temporary Restraining Order was issued at 8:30 a.m. on Tuesday, January 23, 2007, and expires at 8:30 a.m. on Tuesday, February 6, 2007.

7.   A hearing for the Preliminary Injunction or alternatively, for extension of the Temporary Restraining Order, is hereby set for February 2, 2007 at 9:30 a.m., in Courtroom 2303 of the U.S. Courthouse, 219 S. Dearborn, Chicago, Illinois.

8.   Plaintiff, through its Counsel, shall serve a true and correct copy of this Order on Defendants or their respective counsel, if known.

**ENTERED:**

DATE: January _38_, 2007

_____
**U.S. DISTRICT COURT JUDGE**

3

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**07C 1062**

LA GALERA PRODUCE, LLC

                                  Plaintiff,

      v.

JOLIET FRUIT RANCH, INC. d/b/a Joliet Fresh Market and El Ranchito Joliet, and JAMES THEODOROU AND SIMON THEODOROU, in their individual capacities,

                            Defendants.

)
)  Case No.
)
)  Judge    JUDGE NORGLE
)
)
)
)  MAGISTRATE JUDGE DENLOW
)
)

## TEMPORARY RESTRAINING ORDER

Plaintiff's Application for the issuance of a Temporary Restraining Order under Federal Rules of Civil Procedure 65(b) (the "Application") came before this Court and the undersigned on the date set forth below. The Court considered the Application, the Affidavits and all related moving papers. Plaintiff's Affidavits, and all other pleadings and documents filed by the Plaintiff in this matter, demonstrate that defendants Joliet Fruit Ranch, Inc. d/b/a Joliet Fresh Market and El Ranchito Joliet, and James Theodorou and Simon Theodorou, in their individual capacities ("Defendants") purchased perishable agricultural commodities ("Produce") in interstate commerce and, thereafter, failed to pay Plaintiff in violation of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t, as amended (2002) (the "PACA") and failed to pay Plaintiff other amounts pursuant to their contracts.

On the basis of the pleadings, Affidavits and other submissions the Plaintiff filed in this matter, it appears to this Court that the Plaintiff will suffer immediate and irreparable injury due to the Defendants' dissipation of Plaintiff's beneficial interests in the statutory trust created pursuant to 7 U.S.C. § 499e(c) and that such dissipation will continue in the absence of injunctive relief. The

Court is of the opinion that a Temporary Restraining Order should be issued, without notice thereof due to the threat of further dissipation that such notice might engender.

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendants Joliet Fruit Ranch, Inc. d/b/a Joliet Fresh Market and El Ranchito Joliet, and James Theodoru and Simon Theodoru, and their respective agents, officers, employees, assigns, and any of their banking institutions must not pay, withdraw, transfer, assign or sell any and all existing PACA trust assets or otherwise dispose of other corporate or personal assets to any creditors, persons or entities, until further order of this Court or until Defendants pay Plaintiff the sum of $26,859.35.

2. Pending further order of this Court or until such time as Defendants pay Plaintiff the sum of $26,859.35, no banking or financial institution or government agency holding funds for Defendants shall pay, transfer or permit assignment or withdrawal of any existing PACA trust assets held on behalf of Defendants. Also, pending further order of this Court or until such time as Defendants pay Plaintiff the sum of $26,859.35, no banking or financial institution or government agency holding funds for Defendants shall pay, transfer or permit assignment or withdrawal of the corporate or personal assets of Defendants without the express written approval of this Court having first been obtained.

3. If Defendants fail to pay the Plaintiff in full within three (3) business days of the entry of this Order, the Defendants must account to the Court and the Plaintiff's counsel for all accounts receivable, accounts payable, equipment, inventory and all other assets subject to the PACA trust and the regulations promulgated thereunder.

4. Nothing in this order shall prohibit or interfere with the conveyance of Company's real estate and other assets integral to such transaction, pursuant to a sale, but this order shall enjoin

Defendants, their attorneys, agents, financial institutions, title company, and escrow agents from

disbursing amounts from the proceeds from such sale of real estate that would cause the proceeds to

fall below $26,859.35, until Defendants pay Plaintiff $26,859.35 or until further order of court.

5.    This Order will be binding upon the parties to this action, their officers, agents, servants,

employees, banks, or attorneys and all other persons or entities who receive actual notice of this

Order by personal service or otherwise.  In this regard, the Defendants shall serve a copy of this

Order on all financial institutions, real estate buyers, title companies, and escrow agents, and any

other persons or entities with which any of the Defendants does any business, may do any business

with or who may be holding any assets for or on behalf of Defendants.

5.    Because Defendants already possess $26,859.35 of assets, the bond in this matter is

hereby set at $0.00.

6.    This Temporary Restraining Order was issued at *1:30 P.M.* on _____,

February *23*, 2007, and expires at *4:30 P.M.* on _____, ~~February~~ *MARCH 9TH* 2007.

7.    A  hearing for the Preliminary Injunction or alternatively, for extension of the

Temporary Restraining Order, is hereby set for February *N/A*, 2007 at *N/A*, in Courtroom

_____ of the U.S. Courthouse, 219 S. Dearborn. Chicago, Illinois.

8.    Plaintiff, through its Counsel, shall serve a true and correct copy of this Order on

Defendants or their respective counsel, if known.

ENTERED:

DATE: February *23*, 2007                       _Charles R. Norgle_
                                                 **U.S. DISTRICT COURT JUDGE**

3

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

CITY WIDE PRODUCE DISTRIBUTORS, INC. )
an Illinois corporation, )
 )
     Plaintiff, ) Case No. 07-C-3364
 )
   v. )
 ) Judge Kennelly
 )
SUNSHINE VALLEY, INC., an Illinois corporation, ) Magistrate Judge Valdez
and SEBASTIAN MADEJ and DAREK ROSINSKI )
a/k/a DARIUSZ ROSINSKI, in their individual )
capacities, )
     Defendants.

### TEMPORARY RESTRAINING ORDER

Plaintiff's Application for the issuance of a Temporary Restraining Order under Federal Rules of Civil Procedure 65(b) (the "Application") came before this Court and the undersigned on the date set forth below. The Court considered the Application, the Affidavits and all related moving papers. Plaintiff's Affidavits, and all other pleadings and documents filed by the Plaintiff in this matter, demonstrate that defendants Sunshine Valley, Inc., (the "Company"), and Sebastian Madej ("Madej") and Darek Rosinski a/k/a Dariusz Rosinski ("Rosinski") in their individual capacities (Company, Madej and Rosinski are collectively referred to as "Defendants") purchased perishable agricultural commodities ("Produce") in interstate commerce and, thereafter, failed to pay Plaintiff in violation of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t ("PACA") and failed to pay Plaintiff other amounts pursuant to their contracts.

On the basis of the pleadings, Affidavit and other submissions the Plaintiff filed in this matter, it appears to this Court that the Plaintiff will suffer immediate and irreparable injury due to the Defendants' dissipation of Plaintiff's beneficial interests in the statutory trust created

pursuant to 7 U.S.C. § 499e(c) and that such dissipation will continue in the absence of injunctive relief. The Court is of the opinion that a Temporary Restraining Order should be issued, without notice thereof due to the threat of further dissipation that such notice might engender.

Based on the foregoing, **IT IS HEREBY ORDERED:**

1.      Defendants Sunshine Valley, Inc., Sebastian Madej, and Darek Rosinski a/k/a Darius Rosinski and their respective agents, officers, employees, assigns, and any of their banking institutions must not pay, withdraw, transfer, assign or sell any and all existing PACA trust assets or otherwise dispose of other corporate or personal assets to any creditors, persons or entities, until further order of this Court or until Defendants pay Plaintiff the sum of $12,052.48.

2.      Pending further order of this Court or until such time as Defendants pay Plaintiff the sum of $12,052.48, no banking or financial institution or government agency holding funds for Defendants shall pay, transfer or permit assignment or withdrawal of any existing PACA trust assets held on behalf of Defendants. Also, pending further order of this Court or until such time as Defendants pay Plaintiff the sum of $12,052.48, no banking or financial institution or government agency holding funds for Defendants shall pay, transfer or permit assignment or withdrawal of the corporate or personal assets of Defendants without the express written approval of this Court having first been obtained.

3.      Nothing in this order shall prohibit or interfere with the conveyance of Company's real estate and other assets integral to such transaction, pursuant to a sale, but this order shall enjoin Defendants, their attorneys, agents, financial institutions, title company, and escrow agents from disbursing amounts from the proceeds from such sale of real estate that would cause

2

the proceeds to fall below $12,052.48, until Defendants pay Plaintiff $12,052.48 or until further order of court.

4. This Order will be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order by personal service or otherwise. In this regard, the Defendants shall serve a copy of this Order on all financial institutions, real estate buyers, title companies, and escrow agents, and any other persons or entities with which any of the Defendants does any business, may do any business with or who may be holding any assets for or on behalf of Defendants.

5. Because Defendants already possess $12,052.48 of assets, the bond in this matter is hereby set at $0.00.

6. This Temporary Restraining Order was

a. issued at 1:20 p.m. on Friday, June 15, 2007, and

b. expires at 1:20 p.m. on Friday, June 22, 2007.

7. A hearing for the Preliminary Injunction or alternatively, for extension of the Temporary Restraining Order, is hereby set for Thursday, June 21, 2007 at 9:30 a.m., in Courtroom 2103 of the U.S. Courthouse, 219 S. Dearborn. Chicago, Illinois.

8. Plaintiff, through its Counsel, shall serve a true and correct copy of this Order on Defendants or their respective counsel, if known.

ENTERED:

DATE: June 15, 2007



U.S. DISTRICT COURT JUDGE

3